Opinion
 

 KINGSLEY, J.
 

 Carl L., a minor, appeals from an order of the Superior Court, adjudging him to be a person coming under section 602 of the Welfare and Institutions Code,
 
 [1]
 
 and placing him in the custody of the probation officer. For the reasons set forth below, we affirm the order.
 

 Carl is a minor, 10 years of age at the time herein involved. He was seen throwing matches into a neighbor’s garage. The garage was, ultimately, totally destroyed by fire. It is not here contested that, if Carl had the mental ability to appreciate the wrongfulness of his acts, he was properly found to be a ward of the juvenile court under section 602.
 

 In
 
 In re Gladys R.
 
 (1970) 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127], the Supreme Court held that, in case of a minor under the age of 14,
 
 *425
 
 a 602 finding cannot be made unless the trier of fact shall find, on “clear proof’ that the child, at the time of committing the act, appreciated its wrongfulness. In the case at bench, there was substantial testimony on that issue. The minor’s father testified that he had, on several occasions, warned Carl that his fire-setting activities were wrong and should be stopped. As against that testimony, cross-examination and other testimony showed that Carl had either ignored or not understood his father’s admonitions. The referee before whom the adjudication hearing was held, found expressly that Carl had the requisite ability to understand right from wrong and that he had so understood, saying:
 

 “The Court: Well, the testimony will speak for itself, Counsel; The finding of the Court would be that he understands the differences between right and wrong, specifically with regard to fires as the father testified under oath that he has instructed the minor the difference between right and wrong and that it is wrong to bum the property of others; and that, having so made that finding, Gladys R. is satisfied.”
 

 Since that factual finding was based on substantial evidence, we are bound by it and by the conclusion that the requirement of
 
 Gladys R.
 
 had been met in this case.
 
 [2]
 

 The order is affirmed.
 

 Files, P. J., and Jefferson (Bernard), J., concurred.
 

 [1]
 

 Section references are to be the provisions of the Juvenile Court Act as they read at the time of the hearings and orders herein involved.
 

 [2]
 

 The case at bench is distinguishable from
 
 In re Michael B.
 
 (1975) 44 Cal.App.3d 443 [118 Cal.Rptr. 685], in that, in this case, there was extensive testimony and discussion of Carl’s understanding as against the single conclusionary testimony in
 
 Michael.