[No. B007361. Second Dist., Div. Seven. Dec. 4, 1985.]

In re RICHARD T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RICHARD T., Defendant and Appellant.

**COUNSEL**

Linda F. England, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert F. Katz and Ruby A. Theophile, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Minor, Richard T., appeals from the adjudication of the juvenile court declaring him a ward of the juvenile court (Welf. & Inst. Code, § 602) for auto burglary (Pen. Code, § 459). Minor contends that his admissions during a *Gladys R.*[1] interview were obtained in violation of his *Miranda*[2] rights and that the trial court committed reversible error in admitting them into evidence. For the reasons discussed below, we will affirm the order adjudicating him a ward and committing him to Camp Community Placement.

### FACTUAL & PROCEDURAL BACKGROUND

On March 17, 1984, at approximately 9 a.m., Lawrence Haywood (victim) left his pickup truck in a driveway behind an apartment building. Before going inside his apartment, victim placed his tool box under the truck seat, closed the windows, locked the doors and removed the doors' lock buttons. The vent window on the driver's side had a broken lock.

An eyewitness heard a car door slam and saw minor by the truck with a tool box in his hand. The witness' sister told the victim what the witness had seen. Victim then went and saw that the truck's driver's window was open and that the tool box was missing. Victim, who the day before had warned minor to stay away from the truck, went to minor's house and inquired about his tool box. Minor denied having it, but claimed someone else did and led victim to a house down the alley, yelled through the fence and then stated that the guy must not be home.

Victim complained to the police; an officer went to minor's home and was allowed by minor's mother to search the house. Minor told his mother that he did not have the tool box but said that it was "around." Minor's mother's friend found the tool box in a pigeon coop in minor's backyard; minor's mother returned it to victim.

Eleven days later, on March 28, 1984, an officer went to minor's home and arrested minor for auto burglary. Minor was advised of his *Miranda* rights, and after agreeing to waive those rights, confessed that he broke into the pickup truck and removed the tool box.

---

[1] *In re Gladys R.* (1970) 1 Cal.3d 855, 862-867 [83 Cal.Rptr. 671, 464 P.2d 127].

[2] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

On April 11, 1984, 15 days after minor had been arrested but prior to arraignment, Officer Bowman went to minor's home to conduct a *Gladys R.* interview. Minor was not readvised of his *Miranda* rights. In the presence of minor's mother and with her consent, minor responded to questions, admitting that he had been taught that it was wrong to steal and to break into cars. His mother also responded to questions, stating that she had taught minor that it was wrong to steal and break into cars.

At the adjudication hearing, minor's *Gladys R.* interview statements were admitted over minor's hearsay objection.  ■ ■ ■ ■  Immediately thereafter and just before his mother's statements were admitted, minor raised a *Miranda* violation objection.[3] The trial court, after listening to arguments of both counsel, overruled the objection, stating that the interview statements were not being used against minor, but only to establish whether minor knew the wrongfulness of his conduct.

Minor testified in his defense and admitted taking the tool box, but denied opening the vent window and sticking his arm inside to roll down the driver's window. Minor claimed that the driver's window had been left open.

The trial court adjudicated minor guilty of committing second degree auto burglary.

## DISCUSSION

The *Miranda* requirement attaches upon a "custodial interrogation" of a suspect by the police. (*Miranda* v. *Arizona, supra,* 384 U.S. 436; *People* v. *Turner* (1984) 37 Cal.3d 302, 316-317 [208 Cal.Rptr. 196, 690 P.2d 669].) An "interrogation" within the meaning of *Miranda* includes not only express questioning, but also "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. [Fns. omitted.]" (*Rhode Island* v. *Innis* (1980) 446 U.S. 291, 301 [64 L.Ed.2d 297, 308, 100 S.Ct. 1682].) An "incriminating response" under *Miranda* is any inculpatory or exculpatory response, without regard to the degree of incrimination, that the prosecution may seek to introduce at trial. (*Id.,* at p. 301, fn. 5 [64 L.Ed.2d at p. 308].) "The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination." (*Miranda* v. *Arizona, supra,* 384 U.S. at p. 476 [16 L.Ed.2d at p. 725].)

---

[3]The People did not raise either below or on appeal the issue of the timeliness of the objection, which came after minor's statements were introduced. The hearing transcript shows that minor's attorney first read the *Gladys R.* interview transcript just prior to the introduction of minor's statements when the court allowed the attorney a few moments to read it. Under these circumstances, coupled with the fact that the trial court listened to argument of both counsel, we find that the objection was timely.

Minor contends that the court erred in admitting his *Gladys R.* interview statements, because they were obtained during a custodial interrogation without the benefit of a *Miranda* warning. Minor claims that because the presumption that children under the age of 14 are incapable of committing crimes "in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness" (Pen. Code, § 26, subd. One) applies to section 602 juvenile wardship proceedings (*In re Gladys R., supra,* 1 Cal.3d at p. 867), and because the prosecution bears the burden of proving minor's capacity to commit the offense charged as the basis for the wardship proceeding, the instant *Gladys R.* interview was an "interrogation" designed to elicit "incriminating" responses under *Miranda* standards.

The People argue that the *Gladys R.* interview was not an interrogation under *Miranda* standards because it did not elicit incriminating evidence concerning the commission of the auto burglary. The People contend that because minor's capacity to commit a crime is not an element that the prosecution must prove beyond a reasonable doubt (*In re Clyde H.* (1979) 92 Cal.App.3d 338, 343 [154 Cal.Rptr. 727]), minor's statements were not incriminating under *Miranda* standards because they were admitted for the "limited purpose" of showing "clear proof" of his capacity to commit the auto burglary. We are not persuaded.

■ As a matter of constitutional due process, all facts necessary to prove the crime charged as a basis for a juvenile wardship proceeding must be proved beyond a reasonable doubt. (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].) Welfare and Institutions Code section 701 was amended in 1971 to provide that "[p]roof beyond a reasonable doubt . . . must be adduced to support a finding that the minor is a person described by Section 602, . . ." This amendment appears to demonstrate a "legislative intent that the 'clear proof' standard of Penal Code section 26, subdivision One, means proof beyond a reasonable doubt of the minor's capacity to commit the crime supporting the wardship adjudication under section 602." (*In re Michael B.* (1983) 149 Cal.App.3d 1073, 1087, fn. 6 [197 Cal.Rptr. 379].) We conclude that as a matter of constitutional due process (see *In re Winship, supra,* 397 U.S. at p. 364 [25 L.Ed.2d at p. 375]) the prosecution must prove beyond a reasonable doubt minor's capacity to commit the crime charged as the basis for the section 602 wardship proceeding.

■ We do not agree with the reasoning in *In re Clyde H.* that because the Legislature may constitutionally require an adult criminal defendant to prove insanity by a preponderance of the evidence, it may constitutionally set forth by statute the standard by which a minor of a given age shall be

found capable of committing a crime. (*In re Clyde H., supra,* 92 Cal.App.3d at p. 343.) Whereas a criminal defendant is presumed to be sane and the burden of proving insanity may be constitutionally placed on the defendant, a child under the age of 14 is presumed to be incapable of committing a crime and the burden of proving otherwise is on the prosecution. "If *In re Clyde H.* is correct in holding that legal capacity need not be proved beyond a reasonable doubt, the prosecution is relieved in part of its constitutional duty to prove each fact necessary to constitute the crime beyond a reasonable doubt." (*In re Michael B., supra,* 149 Cal.App.3d at p. 1087, fn. 6.)

■ The existence of at least two factual questions preclude us from determining whether minor's statements were obtained in violation of *Miranda.* The first issue is that of custody, for *Miranda* applies to a "custodial interrogation" of a suspect by the police. (*Miranda* v. *Arizona, supra,* 384 U.S. 436; *People* v. *Arnold* (1967) 66 Cal.2d 438, 448-449 [58 Cal.Rptr. 115, 426 P.2d 515].) Under *Miranda* standards, "'custody occurs if the suspect is physically deprived of his freedom of action in any significant way or is led to believe, as a reasonable person, that he is so deprived.'" (*People* v. *White* (1968) 69 Cal.2d 751, 760 [72 Cal.Rptr. 873, 446 P.2d 993].) Although the burden rested on the prosecution to show that minor was not in custody at the time of the *Gladys R.* interview (*People* v. *Arnold, supra,* 66 Cal.2d at p. 448), the issue of custody was not raised below; the trial court made no finding on this issue. While respondent does not contest that minor was in custody, we are not free to substitute our factual determination on this issue in place of that of the trial court.

The second factual issue is whether the prior *Miranda* advisement given at the time of minor's arrest was reasonably contemporaneous in time with the subsequent *Gladys R.* interview. "The law does not require that a defendant be readvised of his rights prior to each separate interrogation. [Citations.] Subsequent interrogations without *Miranda* warnings are insulated from successful constitutional attack upon a judicial finding of fact that a prior adequate *Miranda* warning was given within a reasonably contemporaneous period of time." (*People* v. *Johnson* (1973) 32 Cal.App.3d 988, 997 [109 Cal.Rptr. 118].) Each advisement and subsequent interrogation must be judged by the particular facts and circumstances of the case, including the background, experience and conduct of the accused. (*Ibid.*) Although the burden rested on the prosecution to show that the prior warning occurred within a reasonably contemporaneous time, the issue was not raised below and the trial court made no finding on the issue. Again, we are not free to substitute our determination for that of the trier of fact.

■ Assuming, without deciding, that it was error to admit minor's *Gladys R.* interview statements into evidence, their admission could not have

affected the verdict and were harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18, 23-24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824, 24 A.L.R.3d 1065].) Abundant evidence exists to show that minor knew the wrongfulness of his conduct. First, minor's age "is a basic and important consideration [citation], and, as recognized by the common law, it is only reasonable to expect that generally the older a child gets and the closer she approaches the age of 14, the more likely it is that she appreciates the wrongfulness of her acts. [Fn. omitted.]" (*In re Cindy E.* (1978) 83 Cal.App.3d 393, 399 [147 Cal.Rptr. 812].) Second, minor was instructed by his mother and teachers that it is wrong to steal and break into cars (see *In re Carl L.* (1978) 82 Cal.App.3d 423, 425 [147 Cal.Rptr. 125]); and even the victim had warned minor the day before the theft to stay away from the truck. Third, the record shows that minor hid the tool box in a pigeon coop in his backyard, that he tried to pin the blame on someone else, and that he first denied having the tool box but later said that it was "around." These attempts to hide the tool box and to shift the blame during and after the commission of the criminal act evidence minor's awareness of the wrongfulness of stealing and breaking into cars. (*In re Cindy E.*, *supra*, 83 Cal.App.3d at p. 400.)

Since the record contains abundant independent evidence of minor's knowledge of the wrongfulness of his conduct, we are confident that even if the introduction of minor's *Gladys R.* interview statements was error, the statements did not contribute to the judgment beyond a reasonable doubt. (*Chapman* v. *California, supra,* 386 U.S. at pp. 23-24 [17 L.Ed.2d at p. 710].)

The order adjudicating minor a ward of the court and committing him to Camp Community Placement is affirmed.

Lillie, P. J., and Johnson, J., concurred.