Filed 1/27/14  In re R.W. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re R.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. R.W., Defendant and Appellant. | A137163 (Mendocino County Super. Ct. No. SCUKJDSQ121651301) |

Minor R.W. appeals jurisdictional and dispositional orders entered after the juvenile court found he had possessed knives at school.  Minor contends the evidence is insufficient to support the jurisdictional findings.  We shall affirm the orders.

## I.  BACKGROUND

Minor was charged in a juvenile petition with possession of knives at school (Pen. Code,[1] § 626.10, subd. (a)) (count one) and possession of stolen property (§ 496, subd. (a)) (count two).  At the time of the alleged offenses, which took place in March 2012, Minor was thirteen years, four and a half months old.

---

[1] All undesignated statutory references are to the Penal Code.

The juvenile court referred Minor to informal probation pursuant to Welfare and Institutions Code sections 654 and 654.1, and the petition was dismissed without prejudice in August 2012.

The probation department filed a notice of probation violation in September 2012, alleging Minor had refused to submit to a drug test and that he had admitted such a test would indicate he had used marijuana. The notice also stated that Minor had been refusing to attend classes, that he had been temporarily placed on independent study, and that law enforcement had been called to Minor's home because of his "out of control behaviors." The notice also reported that when Minor was asked why he had had so many knives at the time of the alleged March 2012 offense, he said they were for "protection," that his mouse pad and notebook had gang tagging and writings, that his stepbrother was a confirmed Norteño gang member, and that he had other friends and relatives who were gang members or associates. The probation department indicated its intent to resume proceedings on the original petition.

A contested jurisdictional hearing took place in October 2012. The sole witness was the vice principal at Minor's middle school. On the day of the offense, a teacher had reported that she had overhead Minor say something to another student like, "[A]re you feeling crazy yet[?]" and thought they might have exchanged something. With Minor's permission, the vice principal searched his backpack and found three knives, a lighter, a homemade wooden pipe, a bottle with some pills, and a pad with some gang writing. Minor had a red star on his hand. The vice principal later saw a fourth knife on a table with the other items. Two of the knives were "utility" knives like Swiss Army knives, one was another type of pocket knife, and another was a locking blade knife. He did not know how long the knives were.[2] The vice principal asked Minor why he had these items, and "[h]e didn't say much." He asked Minor whether anyone knew he had the pills, and Minor said, "[N]o."

---

[2] Among the weapons prohibited at a school under section 626.10 are a "knife having a blade longer than 2 1/2 inches" and a "folding knife with a blade that locks into place." (§ 626.10, subd. (a)(1).)

The juvenile court found Minor was a person described by Welfare and Institutions Code section 602 and that Minor had committed the offense of possessing a knife at school (§ 626.10, subd. (a), count one). The court found count two (possession of stolen property) not true. At the disposition hearing, the juvenile court declared Minor a ward of the court and put him on probation.

## II. DISCUSSION

Minor contends the jurisdictional order should be overturned because the evidence does not support a conclusion that he knew the wrongfulness of his actions. Section 26 provides that all persons are capable of committing crimes except those belonging to certain classes; among those classes are "[c]hildren under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."

The juvenile court addressed this issue at the jurisdictional hearing, noting that Minor was "13 and a half so he's almost 14 years old," and stating, "I think the fact that he didn't respond when asked directly why did he have these items is — I think it indicates a knowledge that it was wrong to have these kind of items at school. And also just given the fact that he's almost 14 years of age and having several items, the knives, weapons in a backpack at school, I just think that's the type of conduct that a kid close to 14 years old would know is wrong and that failure to explain it is an indication of knowledge that he knows it's wrong and he's not saying anything when given an opportunity to explain it." The court therefore found Minor was able to understand the wrongfulness of his act.

Section 26 "articulates a presumption that a minor under the age of 14 is incapable of committing a crime. [Citation.] To defeat the presumption, the People must show by 'clear proof' that at the time the minor committed the charged act, he or she knew of its wrongfulness. This provision applies to proceedings under Welfare and Institutions Code section 602. [Citation.] Only those minors over the age of 14, who may be presumed to understand the wrongfulness of their acts, and those under 14 who—as demonstrated by their age, experience, conduct, and knowledge—clearly appreciate the wrongfulness of

3

their conduct rightly may be made wards of the court in our juvenile justice system." (*In re Manuel L.* (1994) 7 Cal.4th 229, 231–232, fn. omitted.) A showing by "clear proof" requires proof by clear and convincing evidence that the Minor appreciated the wrongfulness of the charged conduct at the time it was committed. (*Id.* at p. 232.)

In determining whether a minor knew the wrongfulness of his or her conduct, the juvenile court may properly consider the minor's age; that is " 'it is only reasonable to expect that generally the older a child gets and the closer [he] approaches the age of 14, the more likely it is that [he] appreciates the wrongfulness of [his] acts.' " (*People v. Lewis* (2001) 26 Cal.4th 334, 378.) Moreover, "[a]lthough a minor's knowledge of wrongfulness may not be inferred from the commission of the act itself, 'the attendant circumstances of the crime, such as its preparation, the particular method of its commission, and its concealment' may be considered." (*Ibid.*) The court must " 'consider a child's age, experience, and understanding in determining whether he would be capable of committing conduct proscribed by [Welfare and Institutions Code] section 602.' " (*In re Harold M.* (1978) 78 Cal.App.3d 380, 384, fn. 4.) We review the juvenile court's determination for substantial evidence; in doing so we " 'view the evidence in a light most favorable to respondent and presume in support of the judgment (order) the existence of every fact the trier could reasonably deduce from the evidence.' [Citations.]" (*In re Paul C.* (1990) 221 Cal.App.3d 43, 52.)

Applying these standards, we conclude substantial evidence supports the juvenile court's determination. We recognize that, as Minor points out, there is no evidence anyone had previously told him it was wrong to bring knives to school. (Compare *In re Paul C.*, *supra*, 221 Cal.App.3d at p. 53 [minor's mother had told him before offense that touching younger persons in sexual manner was bad thing to do]; *In re Carl L.* (1978) 82 Cal.App.3d 423, 425 [minor's father had told him on several occasions that fire-setting activities were wrong and should be stopped].) However, minor was nearly thirteen and a half years old, and there was evidence that he had multiple knives, that he had no

4

explanation for why they were there, that he possessed gang-related writings,[3] and that he was also carrying evidence of drug-related activity.  From these circumstances, the juvenile court could reasonably infer Minor knew the wrongfulness of his act.

### III.    DISPOSITION

The orders appealed from are affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Humes, J.

---

[3] Minor contends the evidence about the gang writing was ruled inadmissible.  Not so.  In the portion of the reporter's transcript to which Minor refers, the juvenile court struck only the vice principal's testimony about how the fourth knife was found, on the ground that he was not in the room at the time and did not have personal knowledge.