[Crim. No. 25755. Second Dist., Div. Two. Jan. 13, 1975.]

In re MICHAEL B., a Minor.
KENNETH E. KIRKPATRICK, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
MICHAEL B., Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, John J. Gibbons, Brian S. Braff and Laurence S. Smith, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

FLEMING, J.—Nine-year-old Michael B. appeals the order of the juvenile court declaring him a ward of the court under Welfare and Institutions Code section 602.[1] The court based its order on a finding that Michael committed a burglary in violation of Penal Code section 459.

---

[1]Section 602 provides in pertinent part: "Any person who is under the age of 18 years when he violates any law of this state . . . defining crime . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

## EVIDENCE

Richard Lewis testified that on 16 April 1974 he parked and locked his 1967 Mercedes Benz automobile in the parking area of his apartment building on North Maltman Avenue in Los Angeles. On his return to the automobile he found the outside rearview mirror broken off, the antenna bent, and the windwing pried open. Lewis gave no one permission to enter his automobile.

Police Officer John Murphy testified that on 16 April 1974 he was searching for a missing juvenile, Michael B., in the area of Bellvue Park, where Michael had been seen riding a purple, girl's bicycle. Murphy saw Michael hiding behind a shed in the park and asked him for his name and the whereabouts of the bicycle he had been riding. The boy showed the officer the bicycle in the bushes. Murphy took Michael into custody and advised him of his constitutional rights to silence and to counsel. Michael said he had heard his rights before and understood them, he did not want counsel, and he wanted to talk. At the police station, Murphy asked Michael where he had been the night before. Michael said he had been with friends, and they had gone into three or four cars on Maltman Avenue near the park. He then took Murphy to Richard Lewis' Mercedes Benz, told him he had broken off the rearview mirror so he could get his hands in to pry open the windwing and that when he had done so, one of his friends reached inside and unlocked the door. They took a package of cigarettes, the only thing they could find of value.

Murphy asked Michael if he knew right from wrong, if he knew it was wrong to break into cars and steal. Michael said yes. Murphy asked Michael how he would feel if someone took something that meant a lot to him. Michael said he never had anything that meant a lot to him, so it really didn't matter.

## DISCUSSION

█ Penal Code section 26, which applies to proceedings under Welfare and Institutions Code section 602 (*In re Gladys R.*, 1 Cal.3d 855, 862-867 [83 Cal.Rptr. 671, 464 P.2d 127]), provides in pertinent part: "All persons are capable of committing crimes except those belonging to the following classes: One—Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness." The Supreme Court declared in *In re Gladys R.*, at page 867: "Only if the age, experience, knowledge, and conduct of the child demonstrate by clear proof that he has violated a

criminal law should he be declared a ward of the court under section 602." The evidence here falls far short of that necessary to establish "clear proof" that Michael knew the wrongfulness of his acts. (See *People* v. *Williams,* 12 Cal.App.2d 207, 209 [55 P.2d 223].) The only evidence on that issue was the brief statement of the police officer that Michael said yes when asked if he knew the difference between right and wrong. Penal Code section 26 requires more substantial evidence than that to clearly prove that a nine-year-old boy, no more than a third-grade pupil, harbored the necessary capacity to commit a serious criminal offense. No such substantial evidence was presented here, nor do the nature and circumstances of the crime itself furnish that clear proof of knowledge of the wrongfulness of the conduct that is required by the statute. We think nine-year-old Michael was improperly adjudicated a ward of the court under Welfare and Institutions Code section 602.

*In re Gladys R.,* 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127], suggests alternative procedures under Welfare and Institutions Code sections 600 or 601 for disposition of cases involving, as here, a child too young to appreciate the wrongfulness of his acts (at p. 867): "Section 601 provides that a child who disobeys the lawful orders of his parents or school authorities, who is beyond the control of such persons, or who is in danger of leading an immoral life may be adjudged a ward of the court. Section 601 might clearly cover younger children who lack the age or experience to understand the wrongfulness of their conduct. If the juvenile court considers section 601 inappropriate for the particular child, he may be covered by the even broader provisions of section 600. . . . Section 602 should apply only to those who are over 14 and may be presumed to understand the wrongfulness of their acts and to those under the age of 14 who clearly appreciate the wrongfulness of their conduct." While Michael may be receiving the same care and treatment as a ward under section 602 that he would be receiving if a ward under section 600 or 601, disposition under section 602 carries a stigma of criminal conduct which is not justified by the record in this case.

The judgment (order) is reversed, and the cause is remanded to the juvenile court for further proceedings consistent with this opinion.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied February 11, 1975, and the opinion was modified to read as printed above.