59 Cal.App.3d 898 (1976)
130 Cal. Rptr. 844
In re MELVIN S., a Person Coming Under the Juvenile Court Law.
CLARENCE E. CABELL, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
FRANCES S., Defendant and Appellant.
Docket No. 27802.
Court of Appeals of California, Second District, Division Four.
July 1, 1976.
*900 COUNSEL
Ruth Ohanessian, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
KINGSLEY, J.
The mother of a minor appeals from orders of the superior court, declaring her son to be a ward of the juvenile court and placing him in a camp program. For the reasons set forth below, we affirm the orders.

I
We deal, first, with a procedural matter. The record on appeal treats the case as an appeal from an order of Referee Garfinkle; the People's brief treats it as an appeal from an order of Benjamin Louie, acting as a temporary judge, and from an order of Referee Garfinkle. We regard the appeal as being from the order of Judge Giannini denying a rehearing of Referee Garfinkle's dispositional order. This appeal, however, brings before us the jurisdictional order of Temporary Judge Louie.
As originally enacted, section 702 of the Welfare and Institutions Code, referred to the determination that a minor was a person described in sections 600, 601 or 602 of the Welfare and Institutions Code as a "judgment." That language led to the opinion that the jurisdictional determination was immediately appealable as a final judgment and that the dispositional order was appealable, under section 800 of the Welfare and Institutions Code, as an order after judgment. (See the discussion of that matter in Judicial Council of Cal., 19th Biennial Rep. (1963) pp. 85-86.) (1a) In 1963, section 702 was amended to substitute the term "order" for the former term "judgment." We conclude that that amendment was intended to, and did, effect the recommendation of the Judicial Council that only the dispositional order to be appealable and that the jurisdictional order be subject to review on that one appeal.
*901 Since, section 800 of the Welfare and Institutions Code allows an appeal from an order of a referee only from those orders that are "effective without approval of a judge," and an order removing a juvenile from his home is one requiring the approval of a judge (Welf. & Inst. Code, § 555), it follows that the only appealable order before us is that of Judge Giannini.

II
Appellant's counsel argues: (1) the evidence at the jurisdictional hearing was insufficient to support the order of wardship; and (2) the mother was denied due process because a transcript of the jurisdictional hearing was not before the superior court judge when he ruled on the petition for rehearing.

III
(2) The Attorney General advises us that, after this appeal was filed and briefed, the minor was released from the camp and placed on an aftercare program. Under that program, he can be returned to camp, in case of nonsuccess in the aftercare program, either with the consent of his mother or by order of the juvenile court. The Attorney General suggests that, under those circumstances, the appeal should be dismissed as moot. We do not agree.
(1) It is important, both for the minor and for the People that the correctness of the wardship order be determined, because that order may affect the minor and his mother in future days.
(2) It is clear, from the administrative regulations cited to us, that a return of the minor to the camp itself may be ordered for conduct falling far short of conduct that could support a new wardship proceeding.

IV
On July 16, 1975, a petition was filed alleging that the minor was a person coming under section 602 of the Welfare and Institutions Code because he was guilty of grand theft, in violation of subdivision 1 of section 487 of the Penal Code. By a stipulation, executed on August 13, 1975, by the district attorney, the probation officer, the minor, his mother and the minor's appointed counsel, Referee Benjamin Louie was appointed as a temporary judge, pursuant to section 21, article VI of the *902 state Constitution. (1b) The jurisdictional hearing was held on that date, resulting in an order, filed on August 13, 1975, finding the allegations of the petition to be true and declaring the minor to be a ward of the court. Since that order was made by Mr. Louie in his capacity as a temporary judge and not as a referee of the juvenile court, it was not subject to the rehearing procedure provided for in section 558 of the Welfare and Institutions Code. It is, however, reviewable on this appeal.
We have read the record of the jurisdictional hearing. The evidence of witness Austin, if believed by the trial court, was sufficient to sustain the order of wardship.

V
On September 24, 1975, the dispositional hearing was held before Referee Garfinkle, acting as a referee. It directed that the minor be placed in the Camp Community Program. On that same date, the mother executed and filed her application for a rehearing. The rehearing was denied on October 6, 1975, by Judge Giannini.
(3) On this appeal it is contended only that the order denying rehearing was in error because, although Judge Giannini had before him the reporter's transcript of the dispositional hearing, he did not have before him the reporter's transcript of the jurisdictional hearing, which was not prepared until October 21, 1975.
Since Judge Giannini was concerned only with the dispositional order, we see no reason, and we are cited to no authority, requiring him to investigate the propriety of the order of wardship. His duty was to determine, from the proceedings at the dispositional hearing, whether the camp placement order was proper. We have read that record of that hearing. We cannot say that the order was improper or that Judge Giannini abused his discretion in denying the rehearing.
The orders appealed from are affirmed.
Files, P.J., and Jefferson (Bernard), J., concurred.
A petition for a rehearing was denied July 14, 1976.