[Crim. No. 30501. Second Dist., Div. Two. Dec. 14, 1977.]

In re TANYA L., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
TANYA L., Defendant and Appellant.

COUNSEL

Hutton & Nierman and Stanley W. Hodge for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BEACH, J.—A petition was filed August 30, 1976, alleging that Tanya L., a minor 12 years old, falls within section 602 of the Juvenile Court Law of the State of California in that she concealed stolen property in

violation of Penal Code section 496. The commissioner in San Bernardino found that the minor comes within section 602 but transferred the proceedings to Los Angeles since the minor was found to be a resident of that county. The petition for rehearing was denied in San Bernardino and the juvenile court in Los Angeles accepted jurisdiction of the case. The minor was placed home on probation. The minor appeals "from the judgment of the court entered on December 3, 1976, adjudging said minor to be within the jurisdiction of the juvenile court and to be a dependent child of such court."[1]

FACTS:

Karen Irene Donner left her purse unattended in a ladies restroom at Cal Poly Pomona for five minutes on May 12, 1976. The purse was turned into the lost and found but her wallet, credit cards, check guarantee cards, etc., were missing. Her Mastercharge card was used later that day, without Miss Donner's permission, by the sister of appellant minor. Inell, appellant's sister, signed various receipts "Karen I. Donner" at the Montclair Show Off, a junior teen sportswear shop, at the Montclair Plaza. Since the purchases totalled more than $50, the employee at the store had to call Mastercharge for authorization. She delayed the girls until the police arrived. Tanya had been with her sister when the cards were signed, and another girl was there too. The store employee was sure that Tanya brought clothes to the counter.

After noticing a disturbance at the Show Off, the store manager at a nearby shoe store in the Montclair Plaza went to the Show Off. Inell had previously signed Miss Donner's name to the sales slips at the shoe store. The store manager identified Tanya as being in the store, but she testified that Tanya did not purchase anything.

Inell admitted to Officer Richard Drake that she had signed the sales drafts. Additional property was recovered from the trunk area of the vehicle the girls had been using. The car evidently belonged to Gail L., the 21-year-old sister of Inell and Tanya.

The minors' father came to the Show Off and gave Officer Cisneros a bag containing various papers and Miss Donner's wallet; shortly

---

[1]Actually, November 10, 1976, was the date of the jurisdictional hearing at which time the court found that the minor comes within section 602. The ruling of December 3, 1976, denied the minor's request for a rehearing. Since the notice of appeal, filed January 3, 1977, was timely for either of these dates, we will treat the appeal as one from the jurisdictional order.

thereafter, he gave Officer Cisneros a roll of credit cards that he had obtained from Tanya. When Officer Cisneros was about to release Tanya, who had been advised of her *Miranda* rights, he asked if she wanted to make a statement. She said that all she did was hold the cards for Inell. Willie L., Sr., the father of the girls testified that when he first arrived he gave a stack of cards to the officer. These were found at his home; he had tried to contact the owner, whom he could not contact, and then got a call from the Montclair Plaza. He also gave the officer cards that Tanya retrieved from her back pocket. On direct testimony, he testified that Tanya told him "Dad, I have some cards here. What do I do with these?" On cross-examination, he stated that she did not say "What do I do with them."

At this point in the proceedings, counsel for Tanya made a motion for directed verdict, relying on Penal Code section 26 and *In re Gladys R.,* 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127]. That motion was denied.

Tanya testified in her own behalf that Inell had given her the credit cards she had in her pocket and had told her "Hold these." She denied going up to the counter of the Show Off store. Tanya testified that Inell signed the Mastercharge and that Tanya thought it was hers; Inell was 17 years old at the time of the juvenile court proceedings. However, Tanya admitted that she had never seen Inell with her own Mastercharge before, had never been with her going into so many stores and buying so many clothes, and had no idea where Inell would get the money for all of this. She did not think it was wrong for her to have those cards on her but handed the cards to her father because she saw the other cards in the bag and thought she should give him the cards she had. When she handed the cards to her father, she felt it was wrong for her to have the cards.

CONTENTION ON APPEAL:

■ Appellant contends that the trial court committed error in failing to grant the minor's motion under Penal Code section 1118 based upon the insufficient showing under Penal Code section 26 and that the court further erred in making a true finding at the close of the evidence for the same reason. The sole question is whether at either of those points substantial evidence supports the implied finding of the trial court that there was "clear proof that at the time of committing the act . . . [Tanya] knew its wrongfulness." (Pen. Code, § 26.) We find that there was such substantial evidence and we affirm.

DISCUSSION:

Penal Code section 26 provides in relevant part:

"All persons are capable of committing crimes except those belonging to the following classes:

"One—Children under the age of fourteen, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness. . . ."

The California Supreme Court in *In re Gladys R.,* 1 Cal.3d 855, 867 [83 Cal.Rptr. 671, 464 P.2d 127], states regarding the application of Penal Code section 26 to juvenile court proceedings pursuant to section 602 of the Welfare and Institutions Code: "Section 602 should apply only to those who are over 14 and may be presumed to understand the wrongfulness of their acts and to those under the age of 14 who clearly appreciate the wrongfulness of their conduct. . . . Only if the age, experience, knowledge, and conduct of the child demonstrate by clear proof that he has violated a criminal law should he be declared a ward of the court under section 602."[2]

This division in *In re Michael B.,* 44 Cal.App.3d 443, 444-446 [118 Cal.Rptr. 685], reversed a judgment finding a nine-year-old a ward of the court under section 602, based on the trial court's finding that the youth had committed a burglary in violation of Penal Code section 459. This court found that the minor's affirmative reply to the police officer's question if he knew right from wrong and if he knew it was wrong to break into cars and steal was not substantial evidence that Michael knew the wrongfulness of his acts.

The instant case is distinguishable from *Gladys R.* and *Michael B.* While Gladys R. was 12 years old, she had the mental age of a 7-year-old. Michael B. was only nine. Even before Tanya testified, the evidence produced by the People showed that she clearly appreciated the wrongfulness of her conduct. She saw her older sister charge goods that could not be paid for. Tanya may even have brought clothes to the counter of the store. When Tanya's father appeared, she said "Dad, I

---

[2]Gladys R. was a 12-year-old girl with the social and mental age of a 7-year-old. She had been declared a ward under 602 for perpetration of an act proscribed by Penal Code section 647a (annoying or molesting a child under 18). The Supreme Court reversed the judgment and remanded the case, presumably partly for an analysis of the child's appreciation of the wrongfulness of her conduct.

have some cards here. What do I do with these?" The court could use this question and infer that she knew she should not be possessing those cards and that it was wrong to do so.

Tanya's own testimony and the court's observance of her might well be the frosting on the cake. She admitted she had never seen her older sister with her own Mastercharge card and had never gone into so many stores and bought so many clothes. The court could have found that this particular 12-year-old appreciated the wrongfulness of her conduct in concealing the cards.[3]

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.

---

[3]Even in *Gladys R.*, where the minor had a mental age of seven, the Supreme Court reversed and remanded the case, thereby allowing the trial court to reevaluate the child's appreciation of the wrongfulness of her conduct, rather than finding her absolutely incapable of appreciation of that wrongfulness as a matter of law.