[No. A032348. First Dist., Div. Two. Dec. 16, 1986.]

In re JAMES J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES J., Defendant and Appellant.

**COUNSEL**

Gary K. Kitajo, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Martin S. Kay and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—James J. appeals from a juvenile court order finding him to come within the provisions of Welfare and Institutions Code section 602,[1] having found that he committed violations of Penal Code sections 288, subdivision (a), lewd and lascivious act upon a child under the age of 14; 288a, oral copulation; 236, false imprisonment; and 242, battery. We do not reach the merits of the issues presented, as we find that the appeal was taken from a nonappealable order and must be dismissed.[2]

DISCUSSION

 This appeal was taken from the order issued at the close of the jurisdictional hearing on April 18, 1986. Given our disposition, the facts underlying the alleged offenses need not be described. Appellant, age 15,

---

[1]Welfare and Institutions Code section 602 provides: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

All further statutory references will be to the Welfare and Institutions Code unless otherwise noted.

[2]Appellant contends that there is insufficient evidence to support the court's finding that he committed these violations, and that he was denied due process of law by being convicted of an offense not charged in the petition.

and the victim, age 9, each testified at the hearing. The juvenile court judge determined that the victim's testimony was the more credible, found the allegation in the petition true beyond a reasonable doubt and ordered the matter transferred to San Francisco County, the minor's county of residence, for disposition. This court requested supplemental briefing on whether the jurisdictional order is immediately appealable. We conclude that it is not.

The case law leaves some confusion on this issue. *In re Melvin S.* (1976) 59 Cal.App.3d 898, 900-901 [130 Cal.Rptr. 844] based its conclusion that the jurisdictional order is not appealable on a legislative modification of the language of section 702, which concerns jurisdictional orders, dispositional hearings and continuances. (*Id.,* at p. 900.) The court explained: "As originally enacted, section 702 of the Welfare and Institutions Code, referred to the determination that a minor was a person described in sections 600, 601 or 602 of the Welfare and Institutions Code as a 'judgment.' That language led to the opinion that the jurisdictional determination was immediately appealable as a final judgment and that the dispositional order was appealable, under section 800 of the Welfare and Institutions Code, as an order after judgment. (See the discussion of the matter in Judicial Council of Cal., 19th Biennial Rep. (1963) pp. 85-86.) In 1963, section 702 was amended to substitute the term 'order' for the former term 'judgment.' We conclude that that amendment was intended to, and did, effect the recommendation of the Judicial Council that only the dispositional order . . . be appealable and that the jurisdictional order be subject to review on that one appeal." (*Ibid.*; see also *In re William C.* (1977) 70 Cal.App.3d 570, 574 [138 Cal.Rptr. 843]; 6 Witkin Summary of Cal. Law (8th ed. Supp. 1984) Parent and Child, § 353, p. 473; Juvenile Court Practice (Cont.Ed.Bar 1981) Seeking Review in Appellate Courts, § 12.16, p. 364.)

Appellant suggests that *In re Melvin S.* is inapplicable to the present case because the statutory provision for juvenile appeals under which it was decided, section 800, has since been amended. We find nothing in the amended section 800, however, which would alter the reasoning of *Melvin.*[3]

---

[3]Appellant appears to attach significance to the amendment of the first sentence of section 800, which now reads: "A judgment in a proceeding under Section 601 or 602, or the denial of a motion made pursuant to Section 262, may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment."

In lieu of this language, former section 800 provided: "A judgment or decree of a juvenile court or final order of a referee which becomes effective without approval of a judge of the juvenile court assuming jurisdiction and declaring any person to be a person described in Section 601 or 602, or on denying a motion made pursuant to Section 262, may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment."

The substantive changes made by the 1980 amendment to section 800 affected the appealability of referees' orders and orders on motions to suppress evidence (6 Witkin, *supra,* Parent and Child, § 353, p. 474), neither of which issues is involved in the present case. On the question of appealability of a jurisdictional order, section 800 provides no guidance; both versions of section 800 refer to the appealability of "judgments" in juvenile proceedings without defining which orders constitute "judgments" within the meaning of the provision.

*In re Melvin S.* has been followed for both its statements that the jurisdictional order is not appealable (*In re William C., supra,* 70 Cal.App.3d at p. 574) and that the jurisdictional order is reviewable on appeal from the dispositional order. (*In re Kelvin M.* (1978) 77 Cal.App.3d 396, 399 [143 Cal.Rptr. 561]; *In re William C., supra,* at p. 574; *In re David G.* (1979) 93 Cal.App.3d 247, 254 [155 Cal.Rptr. 500].) On the other hand, several cases allow appeals from jurisdictional orders. (*In re Hector R.* (1984) 152 Cal.App.3d 1146, 1149 [200 Cal.Rptr. 110]; *In re Kelvin M., supra,* 77 Cal.App.3d 396, 399; *In re Tanya L.* (1977) 76 Cal.App.3d 725, 727 [143 Cal.Rptr. 31]; *In re Gregory M.* (1977) 68 Cal.App.3d 1085, 1088 [137 Cal.Rptr. 756]; *In re Timothy N.* (1975) 48 Cal.App.3d 862, 867 [121 Cal.Rptr. 880].) These latter cases, however, do not distinguish *Melvin* or otherwise elaborate their reasoning; they simply state in conclusory manner that the jurisdictional order is appealable (*In re Hector R., supra,* at p. 1149) or allow the appeal without discussion (*In re Tanya L., supra,* at p. 725, n. 1.)[4]

We agree with Justice Kingsley's reasoning in *Melvin S.* The jurisdictional order is in the nature of an intermediate order. (*In re Melvin S., supra,* at pp. 900-901; *In re William C., supra,* at p. 574.) In this sense, the order is analogous to a criminal conviction, which is appealable not at the time rendered, but after sentencing. The dispositional order is the final step in proceedings under section 602; to allow appeal from the jurisdictional order would be to encourage piecemeal review and inefficient use of judicial resources. There is no prejudice in insisting on a single appeal in section 602 cases, since the dispositional hearing must be held within a limited time after the jurisdictional hearing (§ 702) and the jurisdictional order is

---

[4]*In re Kelvin M.* is the only one of these cases to cite *Melvin,* in fact following it for the proposition that all issues preceding disposition are reviewable on appeal from the dispositional order. (77 Cal.App.3d at p. 399.) *Kelvin M.* itself held that an appeal was timely where appellant had appealed from both jurisdictional and dispositional orders, in timely fashion as to the latter, but untimely as to the former. (*Ibid.*) To the extent that *Kelvin* suggests that a timely appeal from a jurisdictional order would be permissible, such indication, which we think wrong, is unnecessary to the decision.

reviewable after disposition. (*In re Melvin S.*, *supra*, at pp. 900-901; *In re Kelvin M.*, *supra*, at p. 399; *In re William C.*, *supra*, at p. 574.)[5]

The appeal is dismissed.

Rouse, J., and Benson, J., concurred.

---

[5]We note that the California Rules of court provide that a minor is to be informed of appellate rights at the conclusion of the *dispositional* hearing (Rule 251).