[No. F048791. Fifth Dist. June 8, 2006.]

In re HENRY S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
HENRY S., Defendant and Appellant.

COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Louis M. Vasquez and Leslie W. Westmoreland, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**LEVY, Acting P. J.**—The juvenile court found Henry S. a ward of the court and ordered the probation department to find him a suitable placement after he admitted leaving the scene of an accident and evading a police officer. (Veh. Code, §§ 20001, subd. (a), 2800.2, subd. (a).) On appeal, Henry contends the juvenile court violated his federal constitutional due process right to present evidence and cross-examine witnesses before the juvenile court determined whether to treat him as a dependent child or delinquent ward. (Welf. & Inst.

Code, § 241.1.)[1] We conclude a minor does not have a due process right to a full evidentiary hearing on a section 241.1 determination and affirm the disposition.

## BACKGROUND

According to probation records, Santa Barbara County Sheriff's deputies arrested Henry's father for a parole violation on March 18, 2005, and arrested his mother pursuant to a warrant the next day. Aware 14-year-old Henry and his 10-year-old brother needed to be taken into protective custody, the deputies searched for the children where they had been living with their father. They found Henry driving his father's car, with his younger brother riding as a passenger.

Henry refused to stop. The deputies chased him for 35 miles at speeds up to 85 miles per hour along Highway 217 and through the University of California, Santa Barbara campus. After the California Highway Patrol (CHP) continued the pursuit, Henry drove over a center island and rammed a CHP vehicle. He subsequently struck a second CHP vehicle, causing its airbag to deploy and the officer to sustain a neck injury requiring medical treatment. Henry continued driving until the CHP pinned Henry's car against a telephone pole.

The officers took Henry into custody. He admitted he knew his actions were dangerous and did not pull over because he "snapped." Henry's brother told the officers he repeatedly asked Henry to stop and he thought Henry intentionally swerved toward the CHP vehicles because he did not want them to catch him.

The following week, the Santa Barbara County District Attorney filed a juvenile wardship petition under section 602 alleging Henry committed an assault with a deadly weapon likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)), child abuse (Pen. Code, § 273a, subd. (a)), leaving the scene of an accident (Veh. Code, § 20001, subd. (a)), evading a peace officer (Veh. Code, § 2800.2, subd. (a)), hit and run driving (Veh. Code, § 20002, subd. (a)), and driving without a license (Veh. Code, § 12500, subd. (a)). Henry's counsel requested a joint assessment report pursuant to section 241.1 to assist the juvenile court in determining whether Henry should be treated as a dependent child under section 300 or a delinquent ward under section 602. After taking the objections of the prosecutor and Child Welfare Services (CWS) into consideration, the juvenile court ordered CWS and the probation department to prepare the report.

---

[1] Further section references are to the Welfare and Institutions Code unless otherwise stated.

On May 3, 2005, Henry's counsel requested a contested section 241.1 hearing to present several witnesses pursuant to California Rules of Court, rule 1403.5(g).[2] The next day, the prosecutor argued that rule 1403.5(g) only established a right to a hearing to be heard and not to present evidence or call witnesses. Henry's counsel responded that due process required he be allowed to present evidence and to cross-examine witnesses and the preparers of the joint assessment report if he were to have "a real and fair opportunity to be heard." The juvenile court reasoned that "if the Legislature had assumed that there would be a contested hearing where witnesses would be called and evidence presented, they would have so indicated . . . ." Accordingly, the juvenile court denied the motion to present evidence and scheduled a hearing for counsel to argue their positions.

On May 6, 2005, Henry's counsel filed a motion to continue the section 241.1 hearing along with points and authorities and a list of proposed witnesses including Henry, his psychologist, his brother's CWS social worker, and the CWS and probation department authors of his joint assessment report. Several days later, the juvenile court explained it found no indication in the Rules of Court or case law requiring a full evidentiary hearing and reiterated that it would not allow additional witnesses or cross-examination at the section 241.1 proceeding. On May 12, 2005, the juvenile court granted Henry's request for a continuance to consider a new report from his evaluating psychologist.

The juvenile court held the section 241.1 hearing on May 18, 2005. At the onset of the hearing, Henry's counsel renewed her previous objections that she wanted to call witnesses and cross-examine the authors of the section 241.1 report on Henry's behalf. The prosecutor argued that the gravity of Henry's actions warranted section 602 treatment to hold him accountable and to protect the public, neither of which would be accomplished by treating him as a section 300 dependent. The prosecutor also noted Henry previously had been treated informally for acts of arson and vandalism. County counsel added her opinion that CWS was not equipped to handle Henry because it lacked the ability to mandate services. Defense counsel countered that Henry's best interest would be served by treating him as a dependent given his documented history of significant abuse beginning when he was three years old up to the night before his arrest when his father choked him for trying to protect his mother. Defense counsel also described Henry's current offenses as the result of panic and the need to protect his younger brother after both of his parents had just been arrested. After a brief recess, the juvenile court reasoned: "Clearly, with a [section] 600 approach there is the accountability factor that's been argued by counsel that is not found under [section] 300. I think it's a very close call. It is a tragic, tragic fact of life that

---

[2] Further rule references are to the California Rules of Court.

Henry has been subjected to this terrible upbringing and all of the pitfalls that he's faced along the way and I wish we could go back in time and erase all of that and place him in a placement that would give him a lot better chance at life. [¶] But when the court looks at the best interests of Henry and also considers the protection of society, it does seem appropriate to treat Henry as a [section] 600 ward. That's going to be the finding of the court." (Original capitalization not followed.)

On May 24, 2005, Henry's counsel announced he planned to enter a no contest plea. At his counsel's request, the juvenile court permitted Henry to preserve his right to appeal the court's ruling denying him the right to present evidence and cross-examine witnesses at the section 241.1 hearing. Henry acknowledged "for the record, . . . these no contest statements are being given, subject to reservation of rights to appeal from denial of an evidentiary hearing on . . . a section 241.1 petition[.]" Henry then entered a plea of no contest to leaving the scene of an accident and evading a peace officer, and the juvenile court dismissed the remaining four counts.

The juvenile court transferred the case to Fresno County, Henry's permanent residence, for disposition. On July 6, 2005, the juvenile court in Fresno County found Henry a ward of the court and placed him under the supervision of the probation department pending a suitable placement. Henry filed a notice of appeal on September 2, 2005.

## DISCUSSION

Henry contends the juvenile court violated his federal due process rights by refusing to allow him to call witnesses and to cross-examine the authors of his section 241.1 report at the hearing to determine his juvenile court treatment. Under section 300, an abused or neglected minor falls within the jurisdiction of the juvenile court as a "dependant child of the court." Under section 601 or section 602, a minor who is habitually disobedient or truant, or commits a crime, falls within the jurisdiction of the juvenile court as a "ward of the court." Section 241.1 requires that whenever a minor appears to fall within the description of both a dependent child and a delinquent ward, CWS and the probation department must jointly "initially determine which status will serve the best interests of the minor and the protection of society." (§ 241.1, subd. (a).)[3] Both departments present their

---

[3] Section 241.1, subdivision (a) provides: "Whenever a minor appears to come within the description of both Section 300 and Section 601 or 602, the county probation department and the child welfare services department shall, pursuant to a jointly developed written protocol described in subdivision (b), initially determine which status will serve the best interests of the minor and the protection of society. The recommendations of both departments shall be presented to the juvenile court with the petition that is filed on behalf of the minor, and the

recommendations to the juvenile court, which must then determine the minor's appropriate status. (*Ibid.*) A minor may not be both a dependant child and a delinquent ward of the court absent a written agreement between the juvenile court, CWS, and probation department, and the record does not suggest any such agreement existed in Henry's case. (§ 241.1, subds. (d) & (e).)

## I. *Appealability*

The Attorney General contends Henry's appeal must be dismissed because the juvenile court's determination pursuant to section 241.1 that Henry should be treated as a delinquent ward under section 602 is not an appealable order or is otherwise untimely. The Attorney General believes this court lacks statutory authority to review the finding because it is not listed as an appealable order, ruling, or judgment under section 800.

■ The right to appeal is purely statutory, and parties cannot enlarge or restrict appellate jurisdiction by consent. (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 [21 Cal.Rptr.3d 891]; *In re Daniel K.* (1998) 61 Cal.App.4th 661, 666 [71 Cal.Rptr.2d 764].) "[O]rders, judgments and decrees of a juvenile court which are appealable are restricted to those enumerated in section 800 . . . ." (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on other grounds in *People v. Green* (1980) 27 Cal.3d 1, 33–34 [164 Cal.Rptr. 1, 609 P.2d 468]; see also rule 1435(a).) Section 800, subdivision (a) provides that a minor may appeal a judgment in a delinquency proceeding "in the same manner as any final judgment." "[T]he 'judgment' in a juvenile court proceeding is the order made after the trial court has found facts establishing juvenile court jurisdiction and has conducted a hearing into the proper disposition to be made." (*In re Mario C., supra,* 124 Cal.App.4th at p. 1307, citing §§ 706, 725.) "[A]n appellate court may review any question of law involved in any order made prior to judgment." (*People v. Chi Ko Wong, supra,* 18 Cal.3d at pp. 709–710, citing Pen. Code, § 1259.)

■ We find relevant the Supreme Court's analysis of appealability in *In re Matthew C.* (1993) 6 Cal.4th 386, 401 [24 Cal.Rptr.2d 765, 862 P.2d 765] (*Matthew C.*) in the dependency context before the Legislature limited the court's holding by amending the relevant statute. In *Matthew C.*, the Supreme Court concluded an order terminating reunification services at a 12-month status review hearing was properly appealable following the final termination of parental rights under section 366.26. (*Matthew C.*, at p. 401.) The Supreme

---

court shall determine which status is appropriate for the minor. Any other juvenile court having jurisdiction over the minor shall receive notice from the court, within five calendar days, of the presentation of the recommendations of the departments. The notice shall include the name of the judge to whom, or the courtroom to which, the recommendations were presented."

Court explained that interlocutory or interim orders generally are not immediately appealable, but are instead reviewable on appeal under the one final judgment rule. (*Id.* at p. 393.) " ' "The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case." ' " (*Ibid.*) ▮ Legislative intent to abolish a right to appeal must be clearly stated, and any doubt should be resolved in favor of the right whenever the substantial interests of a party are affected. (*Id.* at p. 394.) After *Matthew C.*, the Legislature expressly limited the right to appeal from dependency orders. (§ 366.26, subd. (l)(1) ["An order by the court that a hearing pursuant to this section be held is not appealable at any time unless . . . ."]; see *Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501 [45 Cal.Rptr.2d 805]; *Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798 [41 Cal.Rptr.2d 731].) The Legislature has not, however, limited a minor's ability to appeal a section 241.1 determination as it did in the dependency context under section 366.26 after *Matthew C.*

Considering this court's broad jurisdiction to review any question of law involved in any order prior to judgment, we conclude Henry's dispute over the juvenile court's section 241.1 determination is properly appealable from the final judgment issued at Henry's disposition hearing on July 6, 2005. We therefore disagree with the Attorney General's characterization that CWS's decision not to file a dependency petition was separate and distinct from the juvenile court's finding under section 241.1 and outside the scop e of the delinquency proceedings reviewable under section 800. The juvenile court's finding Henry would be treated as a ward under section 600 was an interim order that affected his subsequent treatment by that court. Unlike the Legislature's amendment of section 366.26, subdivision (*l*) enacted after the Supreme Court decided *Matthew C.*, there is no statutory indication the Legislature intended to limit the juvenile court's determination under section 241.1 from appellate review. Moreover, the Supreme Court instructed the appellate courts in *Matthew C.* to resolve any doubt in favor of appealability. Accordingly, we conclude Henry's notice of appeal filed on September 2, 2005, within 60 days of the juvenile court's final judgment, properly preserved the issue for appellate review. (Rules 37(d), 1435(f); *In re James J.* (1986) 187 Cal.App.3d 1339, 1342 [232 Cal.Rptr. 456].)

## II. *Section 241.1 Hearing*

Henry contends he has a right under the United States Constitution to a full evidentiary hearing before the juvenile court determines whether to treat him as a dependent child or a delinquent ward. He suggests that because section 241.1 and rule 1403.5 require the juvenile court to make a judicial determination and conduct a hearing, due process specifically guarantees him the right

to cross-examine the authors of the joint assessment report and to produce additional testimony from witnesses. Henry also argues due process should have permitted him to present testimonial evidence at the section 241.1 hearing by comparing it to a fitness hearing under section 707 to determine whether a minor should be treated under the juvenile or criminal court laws.

■ Section 241.1, subdivision (a) establishes that "Whenever a minor appears to come within the description of both Section 300 and Section 601 or 602 . . . the court shall determine which status is appropriate for the minor." Rule 1403.5 defines the juvenile court's duties in making a section 241.1 determination. Rule 1403.5(a)(4) requires that "on the request of the child, parent, guardian, or counsel, or on the court's own motion, the court may set a hearing for a determination under section 241.1 and order that the joint assessment report be made available . . . ." Notice of the hearing and copies of the report must be provided at least five calendar days before the hearing. (Rule 1403.5(f).) All parties and their attorneys must have the opportunity to be heard. (Rule 1403.5(g).) The juvenile court is then required to determine which status best meets the child's unique circumstances and to state its reasons on the record or in a written order. (Rule 1403.5(e) & (g).)

■ We initially note that section 241.1 does not require the juvenile court to conduct a hearing; instead, it requires CWS and the probation department to prepare a joint assessment report and the juvenile court to make a finding whether to treat a minor as either a dependent child or delinquent ward. Even rule 1403.5 does not mandate a hearing, providing "the court *may* set a hearing for a determination under section 241.1 . . . ." (Rule 1403.5(a)(4), italics added.) Moreover, once a section 241.1 hearing is set, only the parties and their attorneys have an express right to be heard. (Rule 1403.5(g).)

■ In *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 545 [117 Cal.Rptr.2d 168, 41 P.3d 3] (*Manduley*), the petitioners asked the Supreme Court whether Proposition 21's authorization under section 707, subdivision (d), permitting prosecutors to file specified charges against minors directly in criminal court, satisfied minimum constitutional requirements. The *Manduley* court upheld the statute and further concluded "the absence of a provision requiring that a judicial fitness hearing take place before a minor can be charged in criminal court pursuant to section 707(d) does not deprive petitioners of due process of law . . . ." (*Id.* at p. 546.) Summarizing *Kent v. United States* (1966) 383 U.S. 541 [16 L.Ed.2d 84, 86 S.Ct. 1045], the Supreme Court explained that "where a statute confers a right to a *judicial* determination of fitness for a juvenile court disposition, the due process clause requires that the determination be made in compliance with the basic procedural protections afforded to similar judicial determinations." (*Manduley, supra,* 27 Cal.4th at p. 566.) According to the United States Supreme Court,

" 'the essentials of due process and fair treatment' " include "the right to the effective assistance of counsel, access to the records considered by the juvenile court, and a statement of reasons for the juvenile court's decision." (*Id.* at p. 565, quoting *Kent v. United States, supra,* 383 U.S. at p. 562.) Neither the United States nor California Supreme Courts necessarily found that basic procedural protections of a juvenile court judicial determination included a full evidentiary hearing.

In *In re Gault* (1967) 387 U.S. 1, 56 [18 L.Ed.2d 527, 87 S.Ct. 1428], the United States Supreme Court held "confrontation and sworn testimony by witnesses available for cross-examination were essential for a finding of 'delinquency' and an order committing [the minor] to a state institution . . . ." A determination under section 241.1, however, is not a finding of delinquency or a commitment order.

In *Marcus W. v. Superior Court* (2002) 98 Cal.App.4th 36, 39 [118 Cal.Rptr.2d 919], the appellate court found a minor has a right to confront and cross-examine witnesses where "incriminatory statements are offered to establish a prima facie case that a minor committed an offense triggering the presumption of unfitness (§ 707, subds. (b) & (c)) . . . ." Accordingly, the right to confront and cross-examine arose in the context of a consolidated fitness and prima facie hearing. The *Marcus W.* court relied on *Edsel P. v. Superior Court* (1985) 165 Cal.App.3d 763 [211 Cal.Rptr. 869], which similarly concluded a minor has a right to present evidence to challenge the sufficiency of the evidence of the underlying offense in a section 707 fitness determination.

In *In re Clifton* (2001) 93 Cal.App.4th 1400, 1401 [114 Cal.Rptr.2d 1], the appellate court found the juvenile court erred in refusing to hear live witness testimony at a contested section 388 dependency hearing where the evidence was in conflict. We do not find a section 241.1 hearing to determine a minor's initial juvenile court treatment comparable to one regarding the termination or review of parental rights. (See also *In re James Q.* (2000) 81 Cal.App.4th 255, 263 [96 Cal.Rptr.2d 595] [dependency review hearing under § 366.21].)

We find noteworthy a November 1, 2002, report prepared by the Judicial Council's Family and Juvenile Law Advisory Committee (Committee) advising the Judicial Council to adopt rule 1403.5.[4] (See generally *Trans-Action Commercial Investors, Ltd. v. Jelinek* (1997) 60 Cal.App.4th 352 [70 Cal.Rptr.2d 449].) According to the report, the Committee proposed rule 1403.5 because Senate Bill No. 940 (2001–2002 Reg. Sess.) (Stats. 2001, ch. 830, § 3) amended

---

[4] Upon this court's own motion, we take judicial notice of the Judicial Council report. (Evid. Code, § 452, subds. (c) & (h).)

section 241.1 to require a joint probation and CWS assessment whenever a child is under the jurisdiction of the juvenile court in another county, whereas it previously only applied to proceedings within a single county. (Judicial Council of Cal., Family & Juvenile Law Com., Rep. on Sen. Bill No. 940 (2001–2002 Reg. Sess.) Nov. 1, 2002, p. 1 (Committee Report).) The Committee stated that "[t]he new rule clarifies the requirements of Welfare and Institutions Code section 241.1 for a joint assessment by the child welfare and probation departments." (*Id.* at p. 2.) Relevant here, the report added that "the rule clarifies . . . who is entitled to notice and to participate in the joint assessment hearing . . . ." (*Ibid.*)

In response to a public comment that the child's parents or legal guardian should be provided the right to participate in the section 241.1 hearing, the Committee specifically disagreed and recommended to the Judicial Council that a child's parents or guardian should have a right to receive a copy of the joint assessment, but only the parties and their attorneys should have an opportunity to be heard. (Com. Rep., *supra*, at pp. 11–12, citing proposed rules 1403.5(f) & (g).) Given the express language of section 241.1 and rule 1403.5, as well as the stated intent of the Committee in proposing the rule, we do not find any indication the Legislature or Judicial Council contemplated requiring the juvenile court to conduct a full evidentiary hearing before determining a minor's status under section 241.1.

■ Henry fails to demonstrate the federal Constitution requires a full evidentiary hearing in every instance a statute requires the juvenile court to make a finding. Section 241.1 only requires a judicial determination whether to treat a child who appears to come within the description of section 300 and either section 601 or 602 as a dependent child or delinquent ward. Rule 1403.5 mandates that if the juvenile court sets a hearing to aid its determination, only the parties and their attorneys must have the opportunity to be heard. Of course, nothing precludes the juvenile court from exercising its discretion to grant a full hearing and permit additional evidence. A full hearing, however, generally is unnecessary where the juvenile court has before it sufficient evidence in the section 241.1 assessment report to make an informed decision.

■ The juvenile court permitted both Henry's counsel and the prosecution to argue their positions. It further allowed Henry to submit his own psychological evaluation for consideration at the section 241.1 hearing. The juvenile court repeatedly considered whether any supplemental evidence would assist the court in making its determination and concluded additional evidence was unnecessary. The juvenile court explained it looked at both the best interests of Henry and the protection of society before deciding to treat Henry under the delinquency laws. Henry nevertheless maintained his constitutional right to a full evidentiary hearing as to whether he committed the

alleged offenses; if he possessed testimonial or documentary evidence to suggest he lacked the capacity to have committed the offenses because of his abuse or neglect, he could have presented it during the section 602 delinquency proceedings. We therefore conclude the juvenile court acted within its discretion in denying Henry's motions to present additional evidence and cross-examine the authors of his section 241.1 report.

## DISPOSITION

The judgment is affirmed.

Cornell J., and Dawson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 13, 2006, S144995. Kennard, J., and Moreno, J., were of the opinion that the petiton should be granted.