[No. F006698. Fifth Dist. Sept. 30, 1986.]

In re FRANCISCO N., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO N., Defendant and Appellant.

**COUNSEL**

Joan S. Shankel, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe, Judy Kaida and Karen Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## FRANSON, Acting P. J.—

### STATEMENT OF THE CASE AND FACTS

On May 24, 1985, a security guard at Pay Less Drug Store on Shaw Avenue in Fresno observed appellant, then 12 years of age, remove a toy car from its packaging and exit the store without paying for the toy.[1] The guard apprehended appellant outside the store and detained him. The toy, valued at $3.49, was recovered.

Appellant was cited to the police probation team. When he failed to appear on the citation on May 28, 1985, his case was referred to the probation department. In October 1985, a Fresno Police Department crime report indicated that appellant was "reported as out of control." He was taken into custody for the Pay Less shoplifting and his failure to appear.

On October 21, 1985, a petition was filed in Fresno County Juvenile Court alleging appellant's violation of Penal Code section 488, petty theft, a misdemeanor. On the same date appellant appeared before the juvenile court where he denied the allegation in the petition. The court found that a prima facie case had been stated, and ordered a further hearing.

On November 12, 1985, at the adjudication hearing, appellant waived his trial rights and admitted the allegation in the petition. The judge specifically asked appellant whether he knew "it was wrong to take property like this without paying for it at the time you did it?" Appellant responded affirmatively. Moments later, the court held: "Frank does come within the provisions of Section 602 of the Welfare and Institutions Code. The allegations of the petition, violation of Penal Code Section 488, a misdemeanor, are true beyond a reasonable doubt based upon the statements the minor has made in open court. [¶] The Court further finds by *clear and convincing evidence, namely Frank's statements,* that at the time he committed the

---

[1]The probation officer's report suggests that appellant attempted to conceal the toy in his pocket. Nothing in the record suggests that evidence of this act, which would tend to indicate consciousness of guilt and knowledge of the wrongfulness of the act, was before the judge when he found that appellant knew and understood the wrongfulness of his act at the time of its commission.

petty theft, he new [*sic*] and understood the wrongful nature of the act he was committing."

At a subsequent dispositional hearing, the judge declared appellant to be a ward of the juvenile court, and ordered him removed from parental custody and detained at the Ashjian Treatment Center pending placement in a foster home. Appellant was also placed on probation, with various conditions.

## DISCUSSION

I. *The trial court applied the wrong standard of proof in finding that appellant knew the wrongfulness of his act.*

■ Section 602 of the Welfare and Institutions Code provides that "[a]ny person who is under the age of 18 years when he violates any law of this state . . . defining crime . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." This section must be read in harmony with Penal Code section 26, which states in part: "All persons are capable of committing crimes except those belonging to the following classes: [¶] One—Children under the age of 14, in the absence of *clear proof* that at the time of committing the act charged against them, they knew its wrongfulness." (Italics added, *In re Gladys R.* (1970) 1 Cal.3d 855, 863-864 [83 Cal.Rptr. 871, 464 P.2d 127].) There is thus a presumption that children under 14 are incapable of committing crimes, which "may only be overcome by clear proof that at the time of committing the act charged, the child knew its wrongfulness." (*In re Michael B.* (1983) 149 Cal.App.3d 1073, 1087 [197 Cal.Rptr. 379].)

In applying the "clear proof" standard, the court below equated it with the "clear and convincing evidence" standard which this court upheld in *In re Michael B., supra,* 149 Cal.App.3d at page 1087. There, we equated the "clear proof" standard of Penal Code section 26, subdivision One with the "clear and convincing evidence" standard expressed in *People* v. *Martin* (1970) 2 Cal.3d 822 [87 Cal.Rptr. 709, 471 P.2d 29]. In that case the Supreme Court defined the standard as "'"'clear, explicit, and unequivocal,' 'so clear as to leave no substantial doubt,' and 'sufficiently strong to demand the unhesitating assent of every reasonable mind.'" [Citation.]'" (*Martin, supra,* 2 Cal.3d at p. 833, fn. 14.) However, in a footnote in *Michael B.* we observed that our conclusion that the "clear and convincing evidence" test was the *proper one was* merely dictum, and arguably incorrect. "A persuasive constitutional and statutory argument can be made that the 'clear proof' standard mandated by Penal Code section 26, subdivision One, means proof beyond a reasonable doubt. *In re Winship* [1970] 397 U.S. 358, 364

. . . , requires as a matter of constitutional due process that all facts necessary to prove the crime charged as a basis for a juvenile wardship proceeding be proved beyond a reasonable doubt. Legal capacity to commit the crime charged obviously is essential to an adjudication of wardship under section 602. . . .

"Furthermore, Welfare and Institutions Code section 701 was amended in 1971 to provide that '[p]roof beyond a reasonable doubt . . . must be adduced to support a finding that the minor is a person described by Section 602, . . .' This amendment seems to indicate a legislative intent that the 'clear proof' standard of Penal Code section 26, subdivision One, means proof beyond a reasonable doubt of the minor's capacity to commit the crime supporting the wardship adjudication under section 602." (*Michael B., supra,* 149 Cal.App.3d at p. 1087, fn. 6.)

Since *Michael B.,* two other appellate courts have held that the proper standard for evaluating minors under Penal Code section 26, subdivision One is proof beyond a reasonable doubt. (*Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 618 [198 Cal.Rptr. 749] [3d Dist.]; *In re Richard T.* (1985) 175 Cal.App.3d 248, 252-253 [220 Cal.Rptr. 573] [2d Dist., Div. 7].) We conclude that the trial court applied an incorrect standard of proof in evaluating appellant's knowledge of the wrongfulness of his actions, and that the proper standard is proof beyond a reasonable doubt.

II. *The application of the wrong standard of proof requires a reversal of the judgment.*

The United States Supreme Court, in *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068], held it to be a denial of *due process* to apply a standard of less than "proof beyond a reasonable doubt" in the adjudicatory stage of a proceeding wherein a juvenile is charged with an act which would constitute a crime if committed by an adult. "[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. [¶] . . . The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child." (397 U.S. at pp. 364-365 [25 L.Ed.2d at pp. 375-376].) Since a child's legal capacity to commit the crime charged is a fact necessary to a section 602 wardship determination, the application of the correct standard of proof of such fact implicates due process requirements.

Denial of federal constitutional rights demands automatic reversal where the rights denied are deemed basic to a fair trial. (*People* v. *Taylor* (1982)

▮▮▮▮

31 Cal.3d 488, 499 [183 Cal.Rptr. 64, 645 P.2d 115].) The application of the appropriate standard of proof for an element of the offense is indeed basic to a fair trial.  ▮ ▮▮▮ ▮  Thus, appellant's case must be reversed and remanded for a new adjudicatory hearing on the section 602 petition.[2]

We analogize to the situation where an adult criminal defendant enters a guilty plea, but the court fails to develop a factual basis for the plea on the record, and there is no preliminary hearing or grand jury transcript to render the error harmless. In such a situation this court has reversed the judgment and remanded with orders to the trial court to permit the defendant to withdraw his plea, if he so desires. (*People* v. *Tigner* (1982) 133 Cal.App.3d 430, 435 [184 Cal.Rptr. 61].) So too, the appellant here should be given the opportunity to deny the allegations on remand if he wishes.  ▮▮
If appellant again elects to admit the allegations, then the court shall redetermine the question of appellant's knowledge of the wrongfulness of his act under the standard announced in *Gladys R., supra,* 1 Cal.3d 855, i.e., "[o]nly if the age, experience, knowledge, and conduct of the child demonstrate . . . that he has violated a criminal law should he be declared a ward of the court under section 602." (*Id.* at p. 867.)

The judgment is reversed; the matter is remanded for a new adjudication hearing.

Woolpert, J., and Ballantyne, J., concurred.

---

[2]Even under the *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065] standard of review the lower court's application of the wrong standard of proof cannot be characterized as "harmless beyond a reasonable doubt." The court below expressly relied on appellant's admission of knowledge that his act was wrong in reaching its conclusion; such an admission, standing alone, is insufficient to meet the standards of Penal Code section 26. (*In re Michael B.* (1975) 44 Cal.App.3d 443, 445-446 [118 Cal.Rptr. 865].)