[No. S030597. Jan. 31, 1994.]

In re MANUEL L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MANUEL L., Defendant and Appellant.

**COUNSEL**

Karen Kelly, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PANELLI, J.**—Penal Code section 26 articulates a presumption that a minor under the age of 14 is incapable of committing a crime. (Pen. Code, § 26, subd. One.)[1] To defeat the presumption, the People must show by "clear proof" that at the time the minor committed the charged act, he or she

---

[1]Penal Code section 26 provides in relevant part as follows: "All persons are capable of committing crimes except those belonging to the following classes: [¶] One—Children under

knew of its wrongfulness. ■ This provision applies to proceedings under Welfare and Institutions Code section 602.[2] (*In re Gladys R., supra*, 1 Cal.3d at p. 867.) Only those minors over the age of 14, who may be presumed to understand the wrongfulness of their acts, and those under 14 who—as demonstrated by their age, experience, conduct, and knowledge— clearly appreciate the wrongfulness of their conduct rightly may be made wards of the court in our juvenile justice system. (*Ibid.*)

This case requires us to determine whether the term "clear proof," as used in Penal Code section 26, refers to a burden of persuasion akin to clear and convincing evidence, as the People urge and the Courts of Appeal in this case and in *In re Clyde H.* (1979) 92 Cal.App.3d 338 [154 Cal.Rptr. 727] held, or whether it must be interpreted to mean proof beyond a reasonable doubt, as appellant Manuel L. argues and several other Courts of Appeal have held. (See *In re Billie Y.* (1990) 220 Cal.App.3d 127, 131 [269 Cal.Rptr. 212]; *In re Francisco N.* (1986) 186 Cal.App.3d 175, 178 [230 Cal.Rptr. 475]; *In re Richard T.* (1985) 175 Cal.App.3d 248, 252-253 [220 Cal.Rptr. 573]; *Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 618 [198 Cal.Rptr. 749].) We conclude that the former standard governs. Hence, for a section 602 petition to be sustained, the People must prove by clear and convincing evidence that the minor appreciated the wrongfulness of the charged conduct at the time it was committed. Accordingly, we affirm.

### FACTUAL BACKGROUND

On June 19, 1991, Linda Burrow discovered her bicycle was missing. After a neighbor told Ms. Burrow she had seen Manuel riding the bicycle,

the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."

Penal Code section 26 "accords with the historical treatment of juveniles, deriving from the early common law that children under the age of seven could not be held responsible for criminal conduct. [Citation.] Between the ages of seven and fourteen the common law rebuttably presumed children incapable of criminal acts, unless the particular child possessed the requisite age and experience to understand the wrongfulness of his act. [Citation.] California likewise rebuttably presumes all minors under the age of 14 incapable of committing a crime, but does not totally exclude any child from criminal responsibility. Section 26 embodies a venerable truth, which is no less true for its extreme age, that a young child cannot be held to the same standard of criminal responsibility as his more experienced elders." (*In re Gladys R.* (1970) 1 Cal.3d 855, 863-864 [83 Cal.Rptr. 671, 464 P.2d 127], fn. omitted.)

[2]Welfare and Institutions Code section 602 provides as follows: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." Further unlabelled statutory references are to the Welfare and Institutions Code unless the context otherwise requires.

Ms. Burrow confronted him. He denied taking the bicycle, but admitted he had some of its parts and knew they were stolen. After waiving his *Miranda* rights,[3] 11-year-old Manuel told a police officer that another minor had given him the parts. He also said he had bought his bicycle from Deon Watts, but Watts claimed Manuel was not telling the truth. Manuel was placed on informal supervision.

On October 29, 1991, Manuel approached some minors and, using a slingshot or rubber band, shot sharp pieces of glass at one of them. When questioned about the incident, Manuel denied shooting or throwing any glass.

After the glass incident, Manuel's informal supervision was terminated. A section 602 petition was filed, alleging that Manuel had violated Penal Code sections 496 (receiving stolen property) and 245, subdivision (a)(1) (assault by means of force likely to produce great bodily injury). The parties agreed to submit the matter to the court based on the probation report and the juvenile contact reports, and stipulated that the offenses be reduced to misdemeanors. The trial court ordered a psychological evaluation of Manuel, asking the psychiatrist to determine whether Manuel understood the wrongfulness of his conduct. The psychiatrist reported that Manuel knew it was wrong to possess stolen bicycle parts and to throw broken glass at people.

The court found the allegations of the petition to be true and adjudged Manuel a ward of the court. Although the court did not think it necessary to make a specific finding beyond a reasonable doubt, it found, based on the psychiatrist's report, that Manuel understood the wrongfulness of his conduct.

Manuel appealed, contending the trial court erred in not requiring a finding beyond a reasonable doubt that Manuel knew the wrongfulness of his conduct. Manuel also urged there was insufficient evidence to support the finding that he knew his conduct was wrongful. The Court of Appeal rejected his contentions.

DISCUSSION

Our first task is to determine the proper standard of proof applicable to findings under Penal Code section 26. ■ As will appear, we conclude

---

[3]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602 [10 A.L.R.3d 974].

the Court of Appeal correctly held that the prosecution must present clear and convincing evidence that the minor knows the wrongfulness of his conduct in order to sustain a finding that he is a person falling within section 602. We will then consider whether due process demands application, instead, of the more rigorous standard of proof beyond a reasonable doubt that governs determinations of guilt in criminal cases generally. (See *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068].) We hold that the clear and convincing evidence standard satisfies constitutional due process requirements in this context.

Our aim in construing a statute has often been articulated: We attempt to ascertain the intent of the Legislature, looking first to the statutory language itself. (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826 [4 Cal.Rptr.2d 615, 823 P.2d 1216].) With that goal in mind, we turn to the statute.

In 1872, at the time of the adoption of Penal Code section 26, the term "clear proof" meant something other than beyond a reasonable doubt. When the Legislature intended to invoke the latter standard, it did so explicitly. The same year, the Legislature also adopted Penal Code section 1096, which provided that "[a] defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." Contemporaneously, in adopting former Penal Code section 262 the Legislature applied the reasonable doubt standard to a fact not ordinarily an element of the crime, applicable to boys under 14: "No conviction for rape can be had against one who was under the age of fourteen years at the time of the act alleged, unless his physical ability to accomplish penetration is proved as an independent fact, and beyond a reasonable doubt." (Pen. Code, former § 262, repealed by Stats. 1978, ch. 29, § 1, p. 115.) That the Legislature could and did prescribe differing burdens of persuasion for cases involving minors under 14 is especially significant here, suggesting as it does that had the Legislature intended the more stringent standard to govern determinations of juvenile capacity, it would have said so with clarity.

What, then, does "clear proof" mean? The term has been interpreted to mean "clear and convincing evidence." In *People* v. *Terry* (1960) 180 Cal.App.2d 48, 59 [4 Cal.Rptr. 597], the court considered whether the evidence was sufficient to support a conviction of violating Penal Code section 286, in part because the 11-year-old witness allegedly was an accomplice whose testimony was uncorroborated. The court determined that clear and convincing evidence demonstrated the witness was capable of committing the crime by virtue of his knowledge of the wrongfulness of the

act. (180 Cal.App.2d 59.) Similarly, the Court of Appeal in *In re Michael B.* (1983) 149 Cal.App.3d 1073 [197 Cal.Rptr. 379] equated "clear proof" with clear and convincing evidence. (*Id.* at p. 1087 [noting, at fn. 6, that "[a] persuasive constitutional and statutory argument" could be made that the "clear proof" standard of Pen. Code, § 26, subd. One, requires proof beyond a reasonable doubt].)

Manuel argues, however, that section 701, read together with section 602 and Penal Code section 26, demands application of the reasonable doubt standard. In 1961, when separate procedures were adopted for juvenile cases, section 701 provided in pertinent part as follows: "At the hearing, the court shall first consider only the question whether the minor is a person described by [section] . . . 602, and for this purpose, any matter or information relevant and material to the circumstances or acts which are alleged to bring him within the jurisdiction of the juvenile court is admissible and may be received in evidence; however, a *preponderance of the evidence*, legally admissible in the trial of criminal cases, must be adduced to support a finding that the minor is a person described by [s]ection 602 . . . ." (Stats. 1961, ch. 1616, § 2, p. 3482, italics added.) Then, following the United States Supreme Court's decision in *In re Winship, supra,* 397 U.S. at pages 364-368 [25 L.Ed.2d at pages 375-378], that due process requires proof of guilt beyond a reasonable doubt in juvenile proceedings, the Legislature in 1971 amended section 701. The statute now provides: "[P]roof beyond a reasonable doubt supported by evidence, legally admissible in the trial of criminal cases, must be adduced to support a finding that the minor is a person described by Section 602 . . . ." (§ 701, as amended by Stats. 1971, ch. 934, § 1, p. 1833.)

Manuel notes that when it amended section 701 in 1971, the Legislature presumably was aware of our opinion in *In re Gladys R., supra,* 1 Cal.3d at page 867, in which we conditioned wardship under section 602 on meeting the capacity test articulated in Penal Code section 26. (See *In re Michael G.* (1988) 44 Cal.3d 283, 293 [243 Cal.Rptr. 224, 747 P.2d 1152] [Legislature is presumed to be aware of preexisting law.].) Consequently, according to Manuel, when it enacted the reasonable doubt standard in 701, the Legislature implicitly repealed the "clear proof" standard of Penal Code section 26.

In assessing Manuel's argument, we bear in mind that repeals by implication are disfavored, being recognized only if two apparently conflicting laws cannot be harmonized. (*Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 379 [20 Cal.Rptr.2d 330, 853 P.2d 496]; *Kennedy Wholesale, Inc.* v. *State Bd. of Equalization* (1991) 53 Cal.3d 245, 249 [279 Cal.Rptr. 325, 806

P.2d 1360].) We are bound to maintain the integrity of both statutory provisions if the two can stand together. (*In re Gladys R., supra,* 1 Cal.3d at p. 863.)

We believe the statutes can be harmonized. While it is true that in *In re Gladys R., supra,* 1 Cal.3d 855, we held Penal Code section 26 applicable to proceedings under section 602, so that a finding under Penal Code section 26 is a prerequisite to an adjudication of wardship under section 602, we did not convert capacity, as defined in section 26, into an element of the offense. The issue of the juvenile's capacity remains, as historically it has been, subject to a distinct standard of proof. Penal Code section 26, subdivision One, continues to define the prosecution's burden of proving the juvenile's capacity in section 602 proceedings. Section 701 establishes its burden with respect to all elements of the offense necessary to a finding that the minor violated any law defining a crime.

■ Manuel argues further that, in light of the United States Supreme Court's decision in *In re Winship, supra,* 397 U.S. 358, the due process clauses of the federal and state Constitutions require the People to rebut the presumption of a juvenile's incapacity beyond a reasonable doubt. (U.S. Const., Amend. XIV; Cal. Const., art. I, § 7.) The high court there held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*In re Winship, supra,* 397 U.S. at p. 364 [25 L.Ed.2d at p. 375].) The right to proof beyond a reasonable doubt, the court held, applies equally to juvenile proceedings. (*Id.* at p. 368 [25 L.Ed.2d at pp. 377-378].)

In subsequent decisions the high court elaborated on the due process implications of the allocation of burdens of proof in criminal cases. In *Mullaney* v. *Wilbur* (1975) 421 U.S. 684 [44 L.Ed.2d 508, 95 S.Ct. 1881], the court invalidated a Maine statute that created a presumption of malice in murder cases and required the defendant to disprove malice by showing that he or she acted in a heat of passion on sudden provocation. (*Id.* at pp. 697-704 [44 L.Ed.2d at pp. 518-522].) But in *Patterson* v. *New York* (1977) 432 U.S. 197 [53 L.Ed.2d 281, 97 S.Ct. 2319] the high court rejected the claim that whenever a state in some manner links the severity of punishment to the presence or absence of an identified fact the state must prove that fact beyond a reasonable doubt. (*Id.* at pp. 207, 214-215 [53 L.Ed.2d at pp. 294-295].) *Patterson* upheld against a due process challenge New York's law imposing on defendants charged with murder the burden of proving the affirmative defense of extreme emotional disturbance. The court there

stressed that in determining what facts must be proved beyond a reasonable doubt the state legislature's definition of the elements of the offense is usually dispositive. (*Patterson* v. *New York, supra*, 432 U.S. at pp. 201-202 [53 L.Ed.2d at pp. 286-287].)

The high court later upheld a Pennsylvania sentencing statute that enhanced the punishment of a defendant who was found by a preponderance of the evidence to have "visibly possessed a firearm" during the commission of the offense. (*McMillan* v. *Pennsylvania* (1986) 477 U.S. 79, 84-91 [91 L.Ed.2d 67, 75-79, 106 S.Ct. 2411].) Pennsylvania was free, under the high court's analysis, to treat "visible possession of a firearm" as a sentencing consideration rather than an element of the offense (*id.* at p. 91 [91 L.Ed.2d at pp. 79-80]), and so, consistently with due process, could require something less of the prosecution than proof beyond a reasonable doubt in order to sustain the enhancement allegation. The court recognized that in some circumstances due process may demand application of the reasonable doubt standard to facts not formally identified as elements of the offense charged. (*Id.* at p. 86 [91 L.Ed.2d at p. 76].) The court did not undertake to define every such circumstance, but recognized that a state may not restructure existing crimes to evade the commands of *In re Winship*. (*Id.* at pp. 86-87, 89 [91 L.Ed.2d at pp. 76-77, 78].)

Recently, the high court adhered to the reasoning of *Patterson* in rejecting a due process challenge to a California statute placing on a defendant the burden of proving his incompetence to stand trial. (*Medina* v. *California* (1992) 505 U.S. __, __ [120 L.Ed.2d 353, 359-365, 112 S.Ct. 2572, 2574-2579].) In reaching its conclusion that the presumption of competence did not violate due process, the court reasoned: " '[I]t is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." [Citation.]' " (*Id.* at p. __ [120 L.Ed.2d at p. 363, 112 S.Ct. at p. 2577], quoting *Patterson* v. *New York, supra*, 432 U.S. at pp. 201-202 [53 L.Ed.2d at pp. 286-287].) The court noted that in determining what facts must be proved beyond a reasonable doubt, historical practice is probative of whether a procedural rule can be characterized as fundamental. (*Ibid.*)

Although the presumption of incapacity of minors under 14 predates Penal Code section 26, for more than a century after the enactment of that statute it was well accepted that "clear proof," rather than proof beyond a reasonable doubt, sufficed to rebut it. Historical usage thus supports the result in this case.

We conclude that criminal capacity is not an element of the offense and thus is not the type of fact of which *In re Winship* requires proof beyond a reasonable doubt. Rather, it is akin to the question of sanity, which due process does not require the prosecution to prove beyond a reasonable doubt. (*Leland* v. *Oregon* (1951) 343 U.S. 790, 793-799 [96 L.Ed. 1302, 1306-1309, 72 S.Ct. 1002]; see *Patterson* v. *New York, supra,* 432 U.S. at p. 205 [53 L.Ed.2d at pp. 288-289].) In *Leland* v. *Oregon, supra,* 343 U.S. 790, the United States Supreme Court recognized that "the basic decisions between guilt and innocence and between criminal responsibility and legal insanity" are different in kind (*id.* at p. 800 [96 L.Ed. at p. 1309]), holding that to place the burden on the defendant to prove his insanity at time of the offense does not relieve the prosecution of proving "all the necessary elements of guilt." (*Id.* at p. 795 [96 L.Ed.2d at p. 1307].)[4] By parity of reasoning, due process is satisfied by Penal Code section 26's requirement that the presumption of a minor's incapacity be rebutted by clear and convincing evidence.

In cases relating to criminal capacity, California courts similarly have concluded that due process does not require the prosecution to prove beyond a reasonable doubt facts not material to guilt. In *People* v. *Boyes* (1983) 149 Cal.App.3d 812, 817-821 [197 Cal.Rptr. 105], the Court of Appeal considered whether the rebuttable presumption of consciousness impermissibly lightened the prosecution's burden of proving every fact necessary to establish guilt. Unconsciousness, like the fact of being a minor under age 14, is a fact that negates criminal capacity. (Pen. Code, § 26, subd. Four.) Since consciousness was not defined as an element of the crime charged, the court concluded that "the presumption of consciousness, historically recognized under California law, does not contravene due process." (*People* v. *Boyes, supra,* 149 Cal.App.3d at p. 821; see also *People* v. *Drew* (1978) 22 Cal.3d 333, 348-349 [149 Cal.Rptr. 275, 583 P.2d 1318] [rejecting due process challenge to requirement that defendant prove insanity by preponderance of evidence; superseded on other grounds by Pen. Code, § 25, subd. (b)]; *People* v. *Marquez* (1992) 1 Cal.4th 553, 581 [3 Cal.Rptr.2d 710, 822 P.2d 418] [rejecting due process challenge to presumption, contained in Pen. Code, § 190.5, that capital defendant has attained age 18: "A capital defendant's age is like mental competence to stand trial, in that it is a prerequisite

---

[4]In *Rivera* v. *Delaware* (1976) 429 U.S. 877 [50 L.Ed.2d 160, 97 S.Ct. 225], the United States Supreme Court was asked to decide whether *Leland* v. *Oregon* could be reconciled with *In re Winship.* That case was summarily dismissed for want of a substantial federal question. Later, in *Patterson* v. *New York, supra,* 432 U.S. at page 205 [53 L.Ed.2d at pages 288-289], the court explained that the summary dismissal of *Rivera* v. *Delaware* "confirmed that it remain[s] constitutional to burden the defendant with proving his insanity defense . . . ." (Cf. *Hicks* v. *Miranda* (1975) 422 U.S. 332, 344 [45 L.Ed.2d 223, 236, 95 S.Ct. 2281].)

to a valid judgment and sentence. [Citation.] It is not, however, an element of the offense . . . ."].)

Manuel urges that our opinion in *In re Arthur N.* (1976) 16 Cal.3d 226 [127 Cal.Rptr. 641, 545 P.2d 1345] stands for the proposition that proof beyond a reasonable doubt is required in juvenile cases as to all factual matters even though they are not strictly defined as elements of a crime. Manuel reads too much into that decision. There we held that the prosecution must prove beyond a reasonable doubt facts supporting a supplemental petition under section 777. We reasoned that there is no basis to distinguish between original and supplementary proceedings; when a supplemental petition charges acts of misconduct or crimes that may lead to substantially more restrictive punishment or custody, the juvenile has the same constitutional and statutory rights as he or she is accorded with respect to the original petition. (16 Cal.3d at p. 240.) Contrary to Manuel's argument, the holding in *In re Arthur N., supra,* 16 Cal.3d 226, does not require proof beyond a reasonable doubt of all factual matters relevant to a section 602 proceeding.

For the foregoing reasons, we conclude that the standard of proof applicable to findings under Penal Code section 26, subdivision One, is that of clear and convincing evidence, and that this standard comports fully with the due process requirements of the state and federal Constitutions.[5]

DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Arabian, J., Baxter, J., and George, J., concurred.

**KENNARD, J.,** Dissenting.—Under Penal Code section 26, subdivision One,[1] children under the age of 14 are presumed incapable of committing a crime absent "clear proof that at the time of committing the act charged against them, they knew its wrongfulness." At issue here is what the Legislature meant by "clear proof." Must the People establish the child's

---

[5]*In re Billie Y., supra,* 220 Cal.App.3d 127, *In re Francisco N., supra,* 186 Cal.App.3d 175, *In re Richard T., supra,* 175 Cal.App.3d 248, and *Shortridge* v. *Municipal Court, supra,* 151 Cal.App.3d 611, are disapproved to the extent they are inconsistent with our decision in this case.

At oral argument, counsel for respondent stated that the "clear proof" formulation of Penal Code section 26, subdivision One, is unique among the statutes of this state. Our research confirms that representation. It might be well for the Legislature to consider conforming this statute to the more prevalent clear and convincing evidence standard. (See Evid. Code, § 115.)

[1]Unless otherwise stated all subsequent statutory references are to the Penal Code.

knowledge of the act's wrongfulness "beyond a reasonable doubt," or will a lesser standard of "clear and convincing evidence" suffice? The majority opts for the latter standard.

I am not persuaded. I would hold, in accord with the majority of the published decisions that have addressed this issue, that the applicable standard is proof beyond a reasonable doubt.

## I

In this case, 11-year-old Manuel L. denied taking a bicycle owned by Linda Burrow. He admitted, however, that he had some parts of the bicycle and knew they were stolen. A few months later, in a separate incident, Manuel used either a slingshot or a rubber band to shoot sharp pieces of glass at some children. He was charged in juvenile court with receiving stolen property and with assault with a deadly weapon. The parties agreed the trial court could consider a psychiatric report that concluded Manuel knew it was wrong to commit the acts he was accused of committing. The court found that Manuel understood the wrongfulness of his conduct, rejecting defense counsel's request that it apply a "beyond a reasonable doubt" standard in making that determination.

## II

Section 26, enacted in 1872, provides that except for six enumerated categories, all persons are "capable of committing crimes." The first of these exceptions pertains to "[c]hildren under the age of 14, in the absence of *clear proof* that at the time of committing the act charged against them, they knew its wrongfulness." (Italics added.)[2] As I mentioned at the outset, the issue here is what the Legislature intended by the term "clear proof." Is it proof "beyond a reasonable doubt?" Or is it merely "clear and convincing evidence," as the majority holds?

The majority looks to two cases in concluding that the words "clear proof," as used in section 26, mean "clear and convincing evidence": *In re*

---

[2]Section 26 provides in full: "All persons are capable of committing crimes except those belonging to the following classes: [¶] One—Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness. [¶] Two—Idiots. [¶] Three—Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent. [¶] Four—Persons who committed the act charged without being conscious thereof. [¶] Five—Persons who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil design, intention, or culpable negligence. [¶] Six—Persons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused."

*Michael B.* (1983) 149 Cal.App.3d 1073 [197 Cal.Rptr. 379] and *People* v. *Terry* (1960) 180 Cal.App.2d 48 [4 Cal.Rptr. 597]. These cases share two characteristics: In each the discussion of the issue was dictum, and the conclusion was subsequently repudiated by its author.

In *In re Michael B., supra,* 149 Cal.App.3d 1073, the body of the opinion equated the term "clear proof" with "clear and convincing evidence." (*Id.* at p. 1087.) But then, in a footnote, the court observed: "A persuasive constitutional and statutory argument can be made that the 'clear proof' standard mandated by Penal Code section 26, subdivision One, means proof beyond a reasonable doubt." (*Id.* at p. 1087, fn. 6.) The court declined, however, to decide which of the two standards was the correct one. Some three years later, the same justice who had authored *Michael B.* acknowledged that *Michael B.* was wrong in equating "clear proof" with "clear and convincing evidence," and that the proper standard was proof beyond a reasonable doubt. (*In re Francisco N.* (1986) 186 Cal.App.3d 175, 179 [230 Cal.Rptr. 475].)

Equally misplaced is the majority's reliance on *People* v. *Terry, supra,* 180 Cal.App.2d 48, 59. There, the Court of Appeal cited *People* v. *Williams* (1936) 12 Cal.App.2d 207, 209-210 [55 P.2d 223], as a case "declar[ing] that proof that the child understood the wrongfulness of the act must be clear and convincing." But *Williams* says no such thing; it merely quotes the language of section 26, and makes no mention of a "clear and convincing" standard. Also, the *Terry* court's observation regarding that particular standard was unsupported by analysis and, because it was unnecessary to the outcome of the case, was mere dictum. Moreover, in a later case, the justice who had authored *Terry* concurred that the words "clear proof" in section 26 meant proof beyond a reasonable doubt. (*In re Richard T.* (1985) 175 Cal.App.3d 248, 252-253 [220 Cal.Rptr. 573].) That view is shared by a majority of the courts that have addressed this issue. (*In re Billie Y.* (1990) 220 Cal.App.3d 127, 131 [269 Cal.Rptr. 212]; *In re Francisco N., supra,* 186 Cal.App.3d at p. 179; *In re Richard T., supra,* 175 Cal.App.3d at pp. 252-253; *Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 618 [198 Cal.Rptr. 749].) These decisions have employed a variety of theories in reaching this conclusion, and none has analyzed the issue in depth; nonetheless, they represent a consensus that should not lightly be disregarded.

As I have shown, neither *In re Michael B., supra,* 149 Cal.App.3d 1073, nor *People* v. *Terry, supra,* 180 Cal.App.2d 48, supports the conclusion of the majority in this case that the words "clear proof" in section 26 manifest a legislative intent that the People need establish a child's knowledge of the

wrongfulness of his or her acts merely by "clear and convincing evidence," rather than by proof beyond a reasonable doubt. A review of pertinent case law, which I discuss below, strongly suggests that in 1872, when section 26 was enacted, "clear proof" was considered the equivalent of proof beyond a reasonable doubt.

The term "clear proof" can be traced to a case that is perhaps the most influential criminal decision rendered by a court in the 19th century: *M'Naghten's Case* (hereafter *M'Naghten*) (1843) 8 Eng.Rep. 718. There, the court used the words "clearly proved," the term at issue here, as follows: "[T]he jurors ought to be told in all cases that . . . to establish a defence on the ground of insanity, it must be *clearly proved* that, at the time of the committing of the act, the party accused was labouring under such a defect of reason . . . as not to know the nature and quality of the act he was doing . . . ." (*Id.* at p. 722, italics added.)

Although the majority of jurisdictions in this country adopted the definition of insanity established in *M'Naghten*, controversy arose regarding the decision's requirement that insanity be "clearly proved" by the defendant. Many American courts rejected this requirement as unnecessarily harsh; but irrespective of whether they accepted or rejected it, the courts agreed that "clearly proved" meant proof beyond a reasonable doubt. In his treatise entitled "Mental Disorder as a Criminal Defense," Professor Henry Weihofen provides an insightful analysis of this issue: "Use of the word 'clearly' has been the subject of dispute in a large number of cases. The early cases, English and American, looked upon the defense of insanity with some suspicion, and in order that it might not be abused, held that for a defendant to be acquitted on that ground, his irresponsibility must be 'clearly' proved. The rule was so stated in M'Naghten's Case, the most famous decision on the subject of insanity in our law, and 'clear' or 'clearly' is given as the measure of proof in most of the early American cases." (Weihofen, Mental Disorder as a Criminal Defense (1954) The Burden of Proof, § 3, p. 222, fns. omitted.)

Professor Weihofen then observes: "But 'clearly' is an ambiguous word. It may mean either beyond reasonable doubt, or some lesser degree of proof. The use of this term has caused some confusion. Thus, in the early cases which held that the defense of insanity must be proved beyond reasonable doubt, the courts usually cited in support of their decision cases which held that the defense must be 'clearly' proved, arguing, with much reason, that an issue cannot be said to have been clearly proved so long as a reasonable doubt remains." (Weihofen, Mental Disorder as a Criminal Defense, *supra*, The Burden of Proof, § 3, at p. 222, fn. omitted.)

Professor Weihofen continues: "But the great majority of courts were unwilling to go so far as to require the defense of insanity to be proved beyond reasonable doubt, and many of them, agreeing that the term 'clearly' was equivalent to 'beyond reasonable doubt,' held that the former was also incorrect, and that instructions telling the jury that this defense must be 'clearly' proved were erroneous." (Weihofen, Mental Disorder as a Criminal Defense, *supra*, The Burden of Proof, § 3, at p. 223, fn. omitted.)

In 1881, California joined the jurisdictions that equated the words "clearly proved," as used in *M'Naghten*, with "beyond a reasonable doubt," when this court decided *People* v. *Wreden* (1881) 59 Cal. 392. In that case, the defendant, who was charged with murder, asserted the defense of insanity. The trial court instructed the jury that " 'insanity must be clearly established by satisfactory proof . . . .' " (*Id.* at p. 395, italics omitted.) On appeal, we held that the instruction was tantamount to telling the jury that the defendant must show insanity beyond a reasonable doubt, and that it was therefore erroneous. We observed: "In a late case (*People* v. *Wilson* [1874] 49 Cal. 13), it was held to be well settled . . . that insanity . . . need not be proved beyond a reasonable doubt, but that it might be established 'by mere preponderating evidence.' Is not the expression '*clearly* established by satisfactory proof' the full equivalent of 'established by satisfactory proof beyond a reasonable doubt'? How can a fact be said to be clearly established so long as there is a reasonable doubt whether it has been established at all? [¶] There can be no 'reasonable doubt' of a fact after it has been clearly established by satisfactory proof." (*People* v. *Wreden, supra*, 59 Cal. at p. 395.)

Our decision in *People* v. *Wreden, supra*, 59 Cal. 392, filed shortly after the Legislature's enactment of section 26 in 1872, reflected the general view of 19th century American jurisprudence that the terms "clear proof" and "clearly established by satisfactory proof" were the equivalent of proof beyond a reasonable doubt. The likelihood is great that the Legislature, too, shared that view when it used the phrase "clear proof" in its 1872 enactment of section 26.

It is most likely that when drafting section 26, the Legislature's concern was not with the *quantum* of proof, but with the allocation of the *burden* of proof. Except for subdivision One, all of the subdivisions of section 26 created affirmative defenses; that is, they place on the defendant the burden of establishing facts essential to the defense. (*In re Ramon M.* (1978) 22 Cal.3d 419, 422 [149 Cal.Rptr. 387, 584 P.2d 524] [idiocy]; *People* v. *Tewksbury* (1976) 15 Cal.3d 953, 963, 964, fn. 9 [127 Cal.Rptr. 135, 544

P.2d 1335] [unconsciousness and duress]; *People* v. *Lopez* (1986) 188 Cal.App.3d 592, 599 [233 Cal.Rptr. 207] [mistake of fact]; *People* v. *Thurmond* (1985) 175 Cal.App.3d 865, 871 [221 Cal.Rptr. 292] [misfortune or accident].) Thus, in stating in subdivision One of section 26 that a child under the age of 14 is presumed incapable of committing a crime "in the absence of clear proof" of the child's knowledge of the wrongfulness of his or her acts, the Legislature simply intended to clarify that the burden of proving that knowledge remained with the prosecution.

The "beyond a reasonable doubt" standard is the norm in criminal cases (Evid. Code, § 501; Pen. Code, § 1096) as well as in juvenile delinquency matters (Welf. & Inst. Code, § 701). Indeed, as the United States Supreme Court has stated, a departure from that standard generally violates due process: "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].) This court should not reject this standard in the absence of "clear proof" that the Legislature intended to do so. In this case, the majority has failed to demonstrate such legislative intent.

As noted earlier—in my discussion of Professor Weihofen's treatise (see *ante*, pp. 242-243)—the term "clear proof" is ambiguous: does it mean clear and convincing evidence, or is it proof beyond a reasonable doubt? "When language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute." (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) Ignoring this rule of statutory interpretation, the majority chooses to impose on the People the less stringent standard of proving the child's knowledge of the wrongfulness of his acts by "clear and convincing evidence." I would, consistent with the pertinent canon of statutory construction, resolve the ambiguity in the statutory language in favor of the child, by holding the People to a standard of proof "beyond a reasonable doubt."[3]

The trial court in this case erroneously refused to employ the "beyond a reasonable doubt" standard of proof in deciding that the minor understood

---

[3]The minor also argues that the "beyond a reasonable doubt" standard of proof is compelled by Welfare and Institutions Code section 701, as well as the due process clauses of the state and federal Constitutions. Because I conclude that section 26 itself requires the prosecution to show beyond a reasonable doubt that the minor understood the wrongfulness of his conduct, I do not reach these issues.

the wrongfulness of his conduct. I would therefore reverse the judgment of the Court of Appeal and direct that court to remand the matter to the trial court, so it can decide whether the evidence demonstrated beyond a reasonable doubt that Manuel understood the wrongfulness of his actions.

Mosk, J., concurred.