Filed 8/18/14  In re G.V. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re G.V., a Person Coming Under the Juvenile Court Law. | C073998 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>G.V.,<br><br>Defendant and Appellant. | (Super. Ct. No. 69818) |

Minor G.V. (the minor) was charged with felony battery on a peace officer with injury (Pen. Code, § 243, subd. (c)(2)),[1] and misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)).  He was also charged with battery

_____

[1] Further undesignated statutory references are to the Penal Code.

1

(§ 242) against Serena S.  Following a contested jurisdictional hearing, the juvenile court sustained the felony battery and resisting charges, but not the misdemeanor battery charge.  The court adjudged the minor a ward, and ordered him to serve 38 days in the Juvenile Justice Center with 38 days of credit, ordered 53 days of electronic monitoring, and placed him on probation in his mother's custody.

On appeal, the minor, who was 13 at the time he committed the offenses, contends there is insufficient evidence that he appreciated the wrongfulness of his conduct (§ 26).  Disagreeing, we shall affirm.

## FACTS

The minor was born in November 1999.

On February 27, 2013, the minor approached Serena S. and slapped her on the face with an open hand after he told her that he wanted his hat back; she did not have his hat.  Serena S. told her father about the incident, and officers later arrived at the scene.  Lodi Police Officer Josh Redding contacted the minor and explained it had been reported that the minor had hit a girl because she had a hat.  Redding arrested the minor after he admitted striking Serena S.  The minor was subsequently transported to the police station by another officer.

On April 2, 2013, Lodi Police Officers Eric Shaw and Erica Urrea were sent to the minor's residence after the minor's mother called for them.  The officers went to the front door of the apartment, where they contacted the minor and his mother.

The minor was sitting on the stairs immediately inside the front door.  Officer Shaw told the minor he shouldn't be using drugs, shouldn't bring drugs into his mother's house, and he should respect his mother.  The minor stood up and said, "You fucking pig, fucking motherfucker."  Shaw told the minor it was not right to speak to him that way, and instructed him to sit down.  The minor complied and Shaw kept talking to him.

As Shaw continued talking to him, the minor seemed distant and was playing with a bag of chips.  At one point, the minor quickly lunged up from his seated position to

2

within a foot of Shaw. As the minor started to raise his hands, Shaw placed his hands on the minor's chest and pushed him backwards, causing him to fall back on the stairs. The minor immediately sprang up and punched the left side of Shaw's face with a closed fist. Shaw put the minor in an arm bar control hold and took him to the ground; he was eventually arrested. Shaw sustained several small cuts on the inside of his mouth and bruising on his left cheekbone as a result of the attack.

Officer Urrea was talking to the minor's mother, so her view of the incident was restricted. She saw Shaw push the minor and the minor strike Shaw. She transported the minor to the hospital after his arrest. At the hospital, she asked the minor why he hit Shaw. The minor said, "He pushed me, of course I'm going to punch him back." He admitted that if someone got in his face he would strike the person. Urrea told him "due to his youth" that getting into an officer's face can be seen as threatening.

The minor's mother testified that she called the police to her residence so they could talk to the minor about not being violent. The minor had called her a "bitch" and grabbed her hands. She saw Shaw giving advice to the minor, the minor getting up, Shaw pushing him, and the minor striking Shaw in the face.

## DISCUSSION

The minor contends there is insufficient evidence that he appreciated the wrongful nature of his conduct as required by section 26. We disagree.

Section 26 provides: "All persons are capable of committing crimes except those belonging to the following classes: [¶] One—Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."

"Clear proof" means clear and convincing evidence. (*In re Manuel L.* (1994) 7 Cal.4th 229, 233-234, 239.) "On appeal, we must review the whole record in the light most favorable to the judgment and affirm the trial court's findings that the minor understood the wrongfulness of his conduct if they are supported by 'substantial

3

evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof.' " (*In re James B.* (2003) 109 Cal.App.4th 862, 872.)

"In determining whether the minor knows of the wrongfulness of his conduct, the court must often rely on circumstantial evidence such as the minor's age, experience, and understanding, as well as the circumstances of the offense, including its method of commission and concealment. [Citations.] Generally, the older a child gets and the closer he approaches the age of 14, the more likely it is that he appreciates the wrongfulness of his acts." (*In re James B., supra*, 109 Cal.App.4th at pp. 872-873.)

The juvenile court found the minor was arrested by a uniformed officer after slapping Serena S. at age 13-and-one-half years. Only several weeks later, officers were called to the minor's home because of mother's concern regarding his behavior towards her, including cursing and manhandling her. Shaw told the minor that conduct was inappropriate. Only then did the minor lunge at Shaw without provocation, and when Shaw pushed him back the minor stood up and punched him in the face. Based on these facts and the other facts adduced at trial, the juvenile court found there was clear and convincing evidence that the minor understood the wrongfulness of his conduct in punching and resisting Shaw.[2]

The minor challenges the juvenile court's factual findings and its legal conclusion. He asserts there is no indication anyone told him of the wrongfulness of his conduct regarding Serena S., and that while he was arrested following the incident, no action was taken on the arrest until the incident with Shaw. He disputes the court's finding that the officers spoke to him about improper physical contact with his mother in the April 4,

_____

[2] The trial court did not sustain the allegation that the minor committed battery against Serena S., finding there was not clear and convincing evidence that he understood the wrongfulness of his actions in that incident.

4

2013 incident.  The minor argues that the fact that his mother called the police about improper physical contact with her is evidence that he did not understand that it was wrong to use force.  He notes the mother's testimony that Shaw goaded the minor to get up off the steps "if he was a real man" before the minor initially lunged at him.  The minor concludes "[t]hat there is no evidence to suggest that he appreciated or understood the distinction between [Shaw's] conduct and his own."  Finally, the minor argues his conversation at the hospital with Urrea (where she told him officers were threatened by people lunging toward them without provocation) shows that he did not understand the wrongfulness of his conduct at the time of his attack on Shaw.

As we explained *ante*, on appeal we must make every reasonable inference in support of the judgment.  Shaw testified that he was speaking to the minor about drugs and respecting his mother when the minor first lunged at him.  The juvenile court did not have to accept testimony to the contrary, particularly given that the minor's mother admitted she had trouble understanding English.  The juvenile court could reasonably conclude that the minor's lunge and strike at Shaw were unprovoked.

Further, the minor's relatively advanced age and arrest for his attack on Serena S. is evidence that the minor knew hitting others was wrong.  He admitted to Urrea that he intentionally responded with force because Shaw pushed him away.  Substantial evidence supports the finding that the minor understood the wrongfulness of his conduct.

## DISPOSITION

The judgment is affirmed.

                                                             _____DUARTE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____ROBIE_____, J.

6