Filed 6/3/24; Certified for Publication 6/20/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE,      Plaintiff and Respondent, v. K.M.,      Defendant and Appellant. | A168834 (Mendocino County Super. Ct. No. 23JD0004301) |

In this proceeding, the juvenile court sustained a petition alleging that K.M. possessed a folding knife on school grounds. (Pen. Code, § 626.10, subd. (a)(1); undesignated statutory references are to this code.) K.M. was barely 13 years old at the time of the incident. On appeal, he argues the prosecution did not prove — and the evidence does not support an implied finding — that he appreciated the wrongfulness of his conduct at the time of the incident. We agree and reverse the court's order.

## BACKGROUND

In December 2022, a student at Pomilita Middle School reported K.M. was "vaping in the bathroom." A campus supervisor took K.M. to the principal's office, and K.M. consented to a search of his backpack. The principal found two vape pens — one for marijuana and the other for

1

nicotine — and a folding knife with two rusted blades, each approximately three inches long. A few hours later, the principal received a report that K.M. threatened another student with the knife earlier in the day. A responding police officer interviewed the students involved, confiscated the knife, and issued K.M. a citation for brandishing a knife and for possession of a knife on school grounds.

In March 2023, the prosecution filed a wardship petition (Welf. & Inst. Code, § 602, subd. (a)) alleging K.M. brought a weapon — a folding knife — onto school property (§ 626.10, subd. (a)(1); count one) and brandished the knife (§ 417, subd. (a)(1); count two). In August 2023, the juvenile court held a contested jurisdictional hearing at which the principal and the police officer who issued the citation testified. Ultimately, the court found K.M. committed count one and designated the offense a felony, and it dismissed count two for insufficient evidence. On the form containing the court's findings and orders, the box indicating the court had found "[c]lear proof the minor knew his/her action was wrong" was not checked.

The next month, the juvenile court held a dispositional hearing. K.M.'s counsel sought to have the matter reduced to a misdemeanor since K.M. was doing well at his new school, helped his mother with his four siblings, and had never been in trouble before. Counsel also argued K.M. did not know he was breaking any rules when he had the knife at school because his father told him the knife was legal. In response, the prosecution stated the elements of the charge were met *regardless* of "whether he knew that having a knife on school grounds was or was not illegal." In its ruling, the court concluded K.M. would benefit from juvenile probation based on the probation report and acknowledged he was "really intelligent." The court also stated it would not be appropriate for it to comment on K.M.'s belief that the knife was

2

legal. It declared K.M. a ward of the court under Welfare and Institutions Code section 602 and placed him on probation for six months with various terms and conditions.

## DISCUSSION

Section 26 creates a presumption that a child under the age of 14 is incapable of committing a crime unless the prosecution can show by "clear and convincing evidence that the child understood the wrongfulness of the charged act at the time of its commission." (*In re J.E.* (2020) 54 Cal.App.5th 309, 313 (*J.E.*).) "Courts consider the age, experience, knowledge and conduct of a minor to determine whether [he] understood the wrongfulness of [his] conduct. [Citation.] Knowledge of wrongfulness cannot be inferred from the offense itself, but the court may consider 'the attendant circumstances of the crime, such as its preparation, the particular method of its commission, and its concealment.' " (*J.E.*, at p. 314.) A finding of capacity under section 26 "is a prerequisite to an adjudication of wardship." (*In re Manuel L.* (1994) 7 Cal.4th 229, 236.)

An implied finding of capacity under section 26 is reviewed for substantial evidence. (*People v. Lewis* (2001) 26 Cal.4th 334, 378–379; *J.E.*, *supra*, 54 Cal.App.5th at p. 313.) "Substantial evidence is 'evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof.' " (*J.E.*, at p. 313.) When reviewing a finding made under the clear and convincing evidence standard, we review the entire record to determine whether it contains "substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011.) We "view the record in the light most favorable to the prevailing party below and give appropriate deference to how

3

the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Id*. at pp. 1011–1012.) " 'We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.' " (*J.E.*, at p. 314.)

K.M. argues there is no clear and convincing evidence he understood the wrongfulness of possessing a knife on school grounds. We agree. As an initial matter, the juvenile court did not explicitly determine K.M. had the capacity to be held legally responsible for his conduct. The court did not check the box indicating it had found "[c]lear proof the minor knew his/her action was wrong." Moreover, at the dispositional hearing, the court said it would be inappropriate to "comment on" K.M.'s belief — due to what his father had told him — the knife was legal. No testimony addressed K.M.'s understanding that it was wrong to bring a knife to school, nor was there evidence he had previously been in trouble for similar issues such that one could infer he knew it was wrong. (*J.E.*, *supra*, 54 Cal.App.5th at p. 315 [evidence minor was taught act was wrong at school or at home supported finding she was aware of the wrongfulness of her conduct].) Indeed, the prosecution argued the allegation could be sustained "whether [K.M.] knew that having a knife on school grounds was or was not illegal."

Nor do the attendant circumstances of the offense support an implicit finding of capacity. There was no preparation for or particular method to K.M.'s conduct suggesting he knew it was wrong. There was evidence he told the principal that he didn't "have anything" in his backpack before it was searched despite it containing the vape pens and knife. (*J.E.*, *supra*, 54 Cal.App.5th at p. 314.) The prosecution contends this statement supports an inference that K.M. knew having the knife at school was wrong. K.M.

4

responds that he was not hiding the knife but simply storing it with all his other belongings; moreover, he notes he consented to the search, which he would not have done had he known the knife was forbidden. Either way, even considering this statement in the light most favorable to the judgment, we find it falls short of the substantial evidence necessary for the juvenile court to "have found it highly probable" that K.M. understood the wrongfulness of his conduct. (*Conservatorship of O.B.*, *supra*, 9 Cal.5th at pp. 1011–1012.)

The other evidence relied upon by the prosecution is similarly unavailing. First, the prosecution contends K.M.'s age makes it more likely that he appreciated the wrongfulness of his act. K.M. turned 13 years old one month before the incident. "But the capacity determination requires a trial court to consider the particular circumstances and perspective of the individual child before it, rather than to rely on generalizations about what children of a certain age should know." (*J.E.*, *supra*, 54 Cal.App.5th at pp. 314–315.) Moreover, to give independent weight to K.M.'s age is in tension with the Legislature selecting the age of 14 as the threshold age for capacity.

Second, the prosecution contends the juvenile court's finding beyond a reasonable doubt that K.M. committed the offense necessarily entails a finding of capacity. Not so. Section 626.10, subdivision (a)(1) is a general intent crime,[1] so the court's determination did not include a finding of criminal intent. (*J.E.*, *supra*, 54 Cal.App.5th at p. 314 ["Knowledge of wrongfulness cannot be inferred from the offense itself"].)

---

[1] "Any person, except a duly appointed peace officer . . . , who brings or possesses any . . . knife having a blade longer than 2 1/2 inches . . . , upon the grounds of, or within, any public or private school . . . is guilty of a public offense." (§ 626.10, subd. (a)(1).)

Third, the prosecution argues the juvenile court's acknowledgment that K.M. is "really intelligent" supports an inference that he understood the wrongfulness of his conduct. The court, however, made that statement at the dispositional hearing — not the jurisdictional hearing — and it is therefore irrelevant. (*People v. Welch* (1999) 20 Cal.4th 701, 739 [appellate courts "review the correctness of the trial court's ruling at the time it was made, . . . and not by reference to evidence produced at a later date"].) Moreover, that a child under the age of 14 is described as intelligent does not demonstrate that they knew something was wrongful. Indeed, "children 'are more vulnerable . . . to negative influences and outside pressures,' including from their family and peers." (*Miller v. Alabama* (2012) 567 U.S. 460, 471.) Based on the statements at the dispositional hearing, K.M. may have honestly believed it was lawful to have the knife with him at school based on his father's misrepresentation. At least, no evidence to the contrary was presented.

Finally, the prosecution argues K.M.'s appreciation of the illegality of his conduct is distinct from his awareness of its wrongfulness. Here, however, the conduct's wrongfulness and legality cannot be so easily separated. Possessing a knife — that may have innocent uses — on school grounds appears to be wrongful *because* it is illegal or otherwise violates school rules; at least, the prosecution does not persuade us otherwise. Moreover, even if K.M. need not have appreciated the illegality of his conduct in order for the allegation to have been sustained, section 26 required a finding that he understood the wrongfulness of his conduct. (*J.E.*, *supra*, 54 Cal.App.5th at p. 313.) Substantial evidence does not support such a finding.

On this record, we find insufficient evidence to support the juvenile court's implied finding that K.M. understood the wrongfulness of bringing a knife onto school property at the time of the incident.

## DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings consistent with the views expressed in this opinion.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
PETROU, J.


A168834

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE,      Plaintiff and Respondent, v. K.M.,      Defendant and Appellant. | A168834 (Mendocino County Super. Ct. No. 23JD0004301) |

**ORDER CERTIFYING OPINION FOR PUBLICATION**
**[NO CHANGE IN JUDGMENT]**

**THE COURT\*:**

The opinion in this appeal, filed on June 3, 2024, was not certified for publication in the Official Reports. For good cause appearing, pursuant to California Rules of Court, rule 8.1105(b) and (c), the opinion is certified for publication. Accordingly, Pacific Juvenile Defender Center's request for publication is GRANTED.

The order effects no change in the judgment.


Dated: 6/20/2024       ____/Tucker, P.J._____, P. J.

_____

\* Tucher, P. J., Petrou, J., and Rodríguez, J. participated in the decision.

1

Superior Court of Mendocino County, Hon. Ann C. Moorman.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Donna M. Provenzano and Victoria Ratnikova, Deputy Attorneys General, for Plaintiff and Respondent.