Filed 5/31/13  In re A.T. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re A.T., a Person Coming Under the Juvenile Court Law. | B240955 (Los Angeles County Super. Ct. No. JJ19146) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>A.T.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tamara Hall, Judge.  Reversed with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A.T. appeals from a judgment of the juvenile court finding that he committed two counts of lewd or lascivious acts upon the body of a child under the age of 14 years in violation of Penal Code section 288, subdivision (a).  Appellant contends that the judgment must be reversed because the record contains no evidence that he was over 14 years of age when he committed the charged offenses or, if under 14, that he knew what he did was wrong when he did it.  We agree.[1]

## FACTS AND PROCEEDINGS BELOW

When Sarah P. was age 15, she revealed to adults for the first time that she had been sexually molested by A.T. when she was a young child and A.T. was a minor.  Based on Sarah's statements to a sheriff's detective A.T., now an adult, was interviewed, arrested and tried in juvenile court for committing lewd and lascivious acts against Sarah when she was four or five years old.

Two witnesses testified at the adjudication hearing:  Sarah and Detective Maribel Rizo of the Los Angeles County Sheriff's Department.

Sarah testified that when she was between four and five years of age she was sexually abused by A.T. who lived in the neighborhood and was a friend of her brother.  A.T.'s abuse consisted of pulling down her pants and underwear as she lay on his bed and licking her buttocks and genitals.  This happened on three or four separate occasions.

On cross-examination Sarah admitted she could not remember exactly when this molestation occurred and that it could have been when she was age three.

Detective Rizo testified that in July 2011 she and her partner interviewed A.T. at his job site.  Rizo told A.T. that he was not under arrest "and he was free to enter or leave the conversation if he chose."  A.T. agreed to speak to the detectives.  Rizo recorded the interview.  The recording and a transcript were introduced into evidence at the hearing.

---

[1]    In light of this ground for reversal we need not determine whether the personnel records of the detectives in the case contain discoverable material.

In the interview, A.T. told the detectives that Sarah and her brother lived across the street from him for two years when Sarah was four or five years old. He admitted sexually molesting Sarah during that time including pulling down her pants and underwear and rubbing his penis against her bare buttocks. He denied any penetration of Sarah with his fingers or penis and denied orally copulating her.

In talking to the detectives, A.T. at first described the incidents with Sarah as "just a playtime that got out of hand for me" and that he told himself "let's not do that again." He stated that Sarah stopped coming to his house and "I was just, what the hell is wrong with me?" Rizo asked A.T.: "What made you think it was wrong then?" A.T. answered: "A fear of getting caught, a fear of like this is wrong. I knew afterwards, it was like, I questioned myself why did I do it . . . I just said, this is fucked up . . . sorry . . . I shouldn't have done that." (Ellipses in original and added.) Asked why he felt sorry, A.T. replied: "I feel sorry because of what I just did. . . . I did something I'm not supposed to do. I feel bad. No one has to tell me to feel bad about it. I fucking felt bad. I didn't know it was wrong at the time. But I felt bad." A.T. denied telling Sarah not to tell anyone what he had done. Rizo asked A.T. how old he was when these incidents occurred. He responded that he was "[a]bout 12 or 13. Just about middle school."

A.T. moved to dismiss the petition on the ground that the only evidence of his age at the time he committed the offenses was his statement to Rizo that he was 12 or 13 and attending middle school. Because he was under 14, he argued, Penal Code section 26[2] placed the burden on the prosecution to show by "clear proof" that at the time he committed the acts charged against him he knew he was doing something wrong. The prosecution did not make such a showing, he contended, because the only evidence on the issue showed that he didn't know what he did was wrong when he did it.

---

[2]     All statutory references are to the Penal Code.

The court found that A.T. was 14 or 15 years old at the time he committed the offenses and that he had committed two counts of lewd or lascivious acts against Sarah in violation of section 288, subdivision (a), and stated that because A.T. was now over the age of 21 the court lacked authority to impose a sentence.  (§ 607, subd. (a).)

## DISCUSSION

Section 26 states in relevant part:  "All persons are capable of committing crimes except . . . Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."  Under our Supreme Court's decision in *In re Manuel L.* (1994) 7 Cal.4th 229, 234, in order to establish that a minor under the age of 14 committed a crime, "the prosecution must present clear and convincing evidence that the minor knows the wrongfulness of his conduct."

In the case before us the evidence fails to show that when A.T. sexually abused Sarah he was age 14 or older or that he knew his conduct was wrongful when he committed it.

The prosecution's only mention of A.T.'s age occurs in the petition which alleges that A.T. was born in November 1986.  The petition, of course, is not evidence.  A.T., on the other hand, told Detective Rizo that he was in middle school when he molested Sarah which would normally place him in the 12 to 13 year age range.  Similarly, the prosecution presented no evidence that when A.T. molested Sarah he knew that what he was doing was wrong.  A.T., however, denied knowing his conduct was wrong when he committed it.

Because the evidence does not support a presumption that A.T. was capable of committing crimes or that he knew what he did to Sarah was wrong when he did it, the judgment must be reversed for insufficiency of the evidence.

**DISPOSITION**

The judgment is reversed. The superior court is directed to enter an order dismissing all charges against him.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

JOHNSON, J.

5